## Case No. 11,263.

### POMROY et al. v. HARTER et al.
### BALDWIN et al. v. SAME.

[1 McLean, 448.] 1

Circuit Court, D. Indiana. May Term, 1839.

MARSHAL'S FEES—COMMISSION ON EXECUTION ALLOWED BY STATE STATUTE—PAYMENT WITHOUT SALE OF PROPERTY.

Under the act of this state which regulates the fees of sheriffs, the marshal is entitled to receive, on an execution in his hands, the commission allowed by the statute, where the money is paid, without sale of the property. And it is not material whether the payment be made before or after the levy.

[Cited in Jerman v. Stewart, 12 Fed. 274.]

[These were bills by Pomroy, Wilson & Butler against Harter & Camden, and Baldwin & Lee against the same defendants.]

OPINION OF THE COURT. At the May term, 1838, the writs which had been issued in these cases were quashed, and to save costs, the defendants entered their appearance, and the causes were continued. At November term following, judgments were entered by default and executions were issued. While the executions were in the hands of the marshal, the defendants paid the plaintiffs by conveying lands, and the plaintiffs receipted in full for the judgments, except costs. According to the practice in this state, fee bills for the costs are issued with the executions, and a question is raised as to the amount of costs for which the defendants are liable. As the writs were quashed, the cost on them cannot be taxed against the defendants. The marshal has charged a commission on the judgments, and it is objected that not having made the levy nor received the money, he is not entitled to the commission. That this is given to compensate for the risk and labor of selling the property and receiving and paying over the money. This charge is regulated by the law of Indiana. The act of congress gives to marshals on executions, the same fees as are allowed to sheriffs, for similar services. The act regulating the fees and salaries of the several officers and persons therein named (Revised Code, 1831) provides that "the sheriff's fees shall be, for selling property on an execution, a commission of five per centum on the first three hundred dollars, and two per centum on all sums above that amount; but, when the money is paid without sale, one half of the commissions only shall be allowed." It is insisted that the sheriff can only make this charge where the money passes through his hands. That the commission is given for services rendered, and not in a case where he does not receive money, and has made no levy, though the execution may be in his hands. If the payment of the money to the plaintiff by the defendant, when an execution shall be in the hands of the marshal, shall avoid the commission, the payment of it may be avoided as

1 [Reported by Hon. John McLean, Circuit Justice.]

well after the levy as before it. The law gives a compensation for the levy, and there seems to be no stronger reason for charging the per cent. allowed after the levy has been made than before it. Where the money is paid without sale, either before or after the levy, and whether it be paid to the plaintiff or the marshal, the court think that under the above statute, the marshal is entitled to the commissions charged.