## Case No. 4,771.

### FIELD v. SCHELL.

[4 Blatchf. 435; [1] 17 Leg. Int. 245.]

Circuit Court, S. D. New York. July 23, 1860.

John McKeon, for plaintiff.
James I. Roosevelt, Dist. Atty., for defendant.

NELSON, Circuit Justice. This suit was originally brought in a state court, to recover back an excess of duties paid to the collector, and was removed to this court under the act of congress of 1833 [4 Stat. 633]. The amount recovered was under $500, but over $50, which would have entitled the plaintiff to costs in the state court. The clerk refused to tax any costs in behalf of the plaintiff, on the ground that the recovery was less than $500. It is admitted that, if the suit had been commenced in this court, no costs could have been recovered, within the 20th section of the judiciary act of 1789 [1 Stat. 73]. The case, however, does not fall within that section, as the suit was commenced in a state court, and removed to this court, under the act stated. The question is not, therefore, necessarily concluded by the act of 1789.

I had occasion to look into the subject of costs in civil cases, on a question of taxa-

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

tion, and to express an opinion upon it, which is reported in Costs in Civil Cases [Append. Fed. Cas.] and came to the conclusion, that, although the right to recover costs by the prevailing party, with the exception of a few cases, was not given in express terms, yet the general right was recognized in the judiciary act of 1789, and in numerous acts of congress passed since down to the present day. See, also, Conkling's Treatise, under the head of "Costs," pt. 2, c. 2, § 7, subd. 4, and S. D. Law's work on the Jurisdiction and Powers of the U. S. Courts, p. 255. Even the judiciary act of 1789 does not give costs in express terms. I have said that this case does not come within the prohibition of the 20th section of that act, and hence, if the plaintiff, as the prevailing party, is entitled to costs under the right as generally recognized by acts of congress and the usage and practice of the courts, there can be no well-rounded objection to the allowance of costs in the present instance; and, although the question is one not without difficulty, I am inclined to think that the case comes within this generally-recognized right, and that the costs should have been taxed by the clerk. That officer was doubtless controlled by the case of Coggill v. Lawrence [Case No. 2,957], and it must be admitted that some expressions in the opinion would lead to a denial of costs in the present case. But, in that case, the plaintiff would not have been entitled to costs in the state court, if the suit had not been removed, which distinguishes it from this one. Let the case be referred back to the clerk, for taxation according to the rules and practice of the court.

I observe one item in the bill which I feel bound to notice, by way of instruction to the clerk in this and all like cases. It is a docket fee on a reference to the custom-house. This is an abuse that has recently sprung up in the trial of these revenue cases, and must be corrected. The reference to the collector is simply to apply the rate of duty settled by the court to the goods entered. It is a matter of convenience to the court, and, so far as my experience goes, has always been adopted by the consent of counsel. It is simply a matter of arithmetic or calculation, and the collector is presumed to be the most familiar with the service. He applies the rate of duty which should have been applied at the entry of the goods. An effort seems to be made to turn this informal proceeding, adopted for the convenience of counsel and court, into a second trial or hearing of the case, which cannot be admitted. Even if the court had power to refer, which it is understood it has not, the practice should not be countenanced. I have never known a reference in the federal courts, in a common law case. No costs of any description should be allowed for adjustment at the custom-house, nor in the state court.