## Case No. 10,239.

### NICHOLS v. BRUNSWICK.

[3 Cliff. 88.] [1]

Circuit Court, D. Maine. Sept. Term, 1867.

COSTS—TRAVEL AND ATTENDANCE—WITNESS FEE OF PARTY TESTIFYING IN HIS OWN BEHALF.

1. Both before and since the passage of the act of the 26th of February, 1853 [10 Stat. 161], costs have been allowed in this court to the prevailing party for travel and attendance.

[Cited in Jerman v. Stewart, 12 Fed. 275; Celluloid Manuf'g Co. v. Chandler, 27 Fed. 12.]

2. Where a party is called and examined as a witness in his own behalf he is not entitled to travel and attendance as a witness.

At law.

Strout & Gage, for plaintiff.

John Rand and George E. B. Jackson, for defendants.

CLIFFORD, Circuit Justice. Judgment was ordered in favor of the plaintiff at a previous day in the term, for $900 and costs of suit. [Case No. 10,238.] Since that time the costs have been taxed, and the taxation presented to the clerk for approval. Plaintiff,

1 [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

being the prevailing party, claimed that he was entitled to tax travel and attendance, according to the uniform practice of the court. Defendants object to those items in the taxation, and, after hearing the parties, the clerk disallowed the same, and the plaintiff appealed to the court.

Federal courts were organized by the act of congress passed on the 24th of September, 1789, commonly described as the "Judiciary Act." 1 Stat. 73. Costs are recognized as following the judgments or decrees in several sections of that act. Where the minimum or maximum sum of jurisdiction is prescribed, it is in every case declared that the sum specified is exclusive of costs. 1 Stat. 77–79.

So where a plaintiff in an action originally brought in the circuit court, or a petitioner in equity, recovers less than the sum of $500, the provision is, that he shall not be allowed costs, but may be adjudged to pay costs at the discretion of the court. 1 Stat. 83.

Other sections also of the same act recognize the right of prevailing parties to costs; but the act contained no fee bill, and none was passed by congress until the act of the 8th of May, 1792, entitled "An act for regulating processes in the United States courts," except the process act of the 29th of September, 1789, which adopts the rates of fees that prevailed in the supreme court of the state. 1 Stat. 93–275.

But the judiciary act authorizes the federal courts to make and establish all necessary rules for the orderly conducting business in the said courts, provided that such orders are not repugnant to the laws of the United States. 1 Stat. 83. Pursuant to that authority, or under the process act, the circuit court of the United States for this district adopted the fee bill of the commonwealth. Maine at that period was a part of Massachusetts, and, although erected into a separate district, was a part of the same circuit, and was governed by the same rules of practice.

Parties in the courts of the commonwealth, at the date of the judiciary act, were entitled to one shilling and sixpence for each day's attendance, and the provision was that ten miles' travel should be accounted as one day. Act March 1, 1787. Prevailing parties were accordingly allowed one shilling and sixpence for each day's attendance in the circuit court or in the district court of Massachusetts, and the same amount for ten miles' travel. Jenkins v. Sedgwick, Mass. Dist. Nov. Term, 1790 [unreported]; Byles v. Hill, Mass. Dist. May Term, 1791 [unreported].

Congress, on the 2d of April, 1792, enacted that the money of account of the United States should be expressed in dollars and cents, and that all accounts in the public offices, and all proceedings in the courts of the United States, should be kept and had in conformity to that regulation. 1 Stat. 250, § 20.

Taxation of costs was still made in pounds, shillings, and pence, under the law of the state, but the several amounts were brought.

into federal money in making up the judgment in the circuit court. Proceedings were continued in that form until the law of the state was changed, except so far as the taxation of costs was regulated by the fee bill in the act of congress to which reference has been made.

On the 13th of February. 1796, the legislature of the state passed a law allowing parties entitled to costs thirty-three cents for each day's attendance and travel,—ten miles to be accounted one day. 1 Laws Mass. 476, 481. That provision was re-enacted in 1804, and made permanent. 2 Laws Mass. 100.

Immediate change was made in the practice in the circuit court in the taxation of costs, in conformity to that provision, and the rate adopted at that time has been followed to the present time, without any variation. Robbins v. Witmore, Mass. Dist. Oct. Term, 1796 [unreported].

Fees of marshals, clerks, district attorneys, jailors, and witnesses were regulated by the act of the 8th of May, 1792, but inasmuch as the provision was silent as to the travel and attendance of parties, the taxation was continued as before, and the practice received the sanction of the federal judges of that day.

Acts of congress upon the subject of fees have several times been passed, but as none of the provisions referred to the travel and attendance of parties, it has never been doubted that those items were properly the subject of taxation in favor of the party entitled to judgment.

The compensation allowed by law in the federal courts to attorneys, solicitors, proctors, district attorneys, clerks, marshals, witnesses, jurors, commissioners, and printers is prescribed by the act of the 26th of February, 1853 [10 Stat. 161], and the provision of the first section of the act is, that the prescribed compensation shall be in lieu of the compensation previously allowed by law, and that no other compensation shall be taxed and allowed. Undoubtedly that provision is in full force, but it makes no reference whatever to the taxation of costs to the prevailing party. Although it is more comprehensive and enters more into detail than the prior regulations upon the subject, still it is clear that it does not embrace the parties to the suit.

Since the passage of that act as well as before, costs have been allowed to the prevailing party for travel and attendance, and in cases where terms are imposed by the court as a condition to an order granting a continuance. Such allowances rest upon the original regulations of the circuit court, sanctioned by the uniform practice of the court, and not forbidden by any act of congress.

Where a party is called and examined as a witness in his own behalf. he is not entitled to travel and attendance as a witness. He may be sworn or not in his own favor, at his election, but he cannot claim any compensation for doing what he may omit, if he sees fit. In other words, the law gives him the privilege to introduce his own testimony if he sees fit, but cannot require the opposite party to pay him for exercising the privilege which the law confers. Correct the taxation in accordance with this opinion.