## Case No. 7,493.

JONES et al. v. SCHELL.

[8 Blatchf. 79.] [1]

Circuit Court, S. D. New York. Dec. 3, 1870.

Almon W. Griswold, for plaintiffs.

Noah Davis, Dist. Atty., for defendant.

WOODRUFF, Circuit Judge. This is an action at law, brought against the defendant, as collector of the port of New York, to recover back moneys erroneously exacted for duties. The parties, in pursuance of the 4th section of the act of March 3, 1865 (13 Stat. 501) waived a jury, and the cause was tried by the court, and judgment was ordered for the plaintiffs. In their bill of costs the plaintiffs claimed, and the clerk allowed on taxation, twenty dollars, as a docket fee; and from such taxation the defendant appeals.

By the act of February 26, 1853, "to regulate the fees and costs," &c., in the courts of the United States (10 Stat. 161), it is enacted, that the following and no other fees shall be taxed and allowed: "In a trial before a jury, in civil and criminal cases, or before referees, or on a final hearing in equity or admiralty, a docket fee of twenty dollars;" to which a proviso is added, that, if the recovery be less than $50, in admiralty, then the docket fee shall be $10.

It is clear that the language of this clause of the statute does not include the present case. It is not a case in equity or in admiralty. The trial was not had before a jury or before referees. There is no other clause in the statute which gives twenty dollars as a docket fee. It is, however, argued, that, when this statute was passed, a trial by the court, on a waiver of a jury, had not been provided for, and that, for that reason, it was not mentioned. It is quite probable that this is so. If there be a trial of an issue of fact, there would seem to be no good reason for denying to the attorney the docket fee, when the trial is before the court without a jury. The same preparation is necessary, and the same time is consumed in attendance, and the same labor is employed in the trial, as when the issues of fact are tried by a jury or before referees. Nevertheless, the statute does not allow it, and it does forbid any allowance which is not specified. If it was a mode of trial not known to this court when the fees were prescribed, that is a reason why it was not provided for; but this very circumstance shows that in truth it was not provided for rather than it was. When the statute was passed, in 1865, permitting such waiver and a trial by the court, no change was made in relation to fees; and, while it may be true that it created a case omitted in the former statute, the court are not warranted in supplying the supposed omission, in the face of the prohibitory language of the prior act.

Still, the attorney is not left without a docket fee. The statute, in its further specification, adds: "in cases at law, where judgment is rendered without a jury, ten dollars." At the time of this enactment, this clause was applicable to judgments rendered on demurrer, on default, &c., where no trial was had; but, as a general statute, it must be held to embrace all cases in which, under any existing or future legislation, such a judgment might be rendered. The present is a case "at law," and not in equity nor in admiralty. Judgment herein "is rendered without a jury." It comes within the very terms of the statute. The plaintiffs are, therefore, in this condition—by waiving a trial by jury in an action at law, they have placed themselves in a situation in which no existing statute will allow to them a docket fee of twenty dollars. If it is a hardship, that should have been considered before the waiver was made. They can claim the ten dollars, because congress, by the act of 1865, made a new case, which comes within the statute giving that allowance. The taxation by the clerk must be modified, by striking out ten dollars, as erroneously taxed.