## KREAGER v. JUDD and others.*

(Circuit Court, S. D. Ohio, E. D. December 13, 1880.)

1. COSTS—WHEN RECOVERABLE—CAUSE REMOVED FROM STATE TO CIRCUIT COURT—SECTION 968, U. S. REV. ST.—In an action at law originally brought in a state court, and removed to the circuit court by the defendant, the amount ultimately recovered by the plaintiff was, exclusive of costs, less than $500, ($312.46.) Such a recovery would have entitled him to costs in the state court. *Held*, that the case is not within section 968, U. S. Rev. St., and that the plaintiff is entitled to costs; although, if the action had been commenced originally in the circuit court, no costs could have been recovered.

   *Field* v. *Schell*, 4 Blatchf. 435.
   *Ellis* v. *Jarvis*, 3 Mason, 457.

2. SAME—EFFECT OF COUNTER CLAIM.—As to the effect upon the question of costs of the reduction of the recovery to below $500, by the allowance of a counter claim in an action originally brought in the circuit court, *quære*.

Motion to apportion costs.

*A. W. Train* and *F. Southward*, for plaintiff.

*Bargar & Vorheis*, for defendant.

SWING, D. J. In this case a verdict was rendered by the jury for the plaintiff for $312.46. Counsel for the defendant now file a motion asking that each party be required to pay his own costs. Section 968 of the Revised Statutes provides:

"When, in a circuit court, a plaintiff in an action at law originally brought there, or a petitioner in equity, other than the United States, recovers less than the sum or value of $500, exclusive of costs, in a case which cannot be brought there unless the amount in dispute, exclusive of costs, exceeds said sum or value; * * he shall not be allowed, but, at the discretion of the court, may be adjudged to pay, costs."

If this case had been originally brought in this court, there would be no doubt that the plaintiff would not be entitled to costs in the case. But the suit was not originally brought in this court; it was brought in the state court, and removed

*Reported by Messrs. Florien Giauque and J. C. Harper, of the Cincinnati bar.

from the state court to this court. If the case had continued in the state court, the plaintiff's recovery would have carried costs, for under the statute of Ohio a plaintiff recovering in an action of this character would recover costs. The case was removed to this court, and it is very clear that the statute which I have read does not apply to this case, for it expressly provides, "in an action at law *originally* brought in this court;" and this action was not *originally* brought in this court.

This question is not, however, a new one. It has been before the courts before, and such has been the determination of the courts whenever they have had the question before them. *Field* v. *Schell*, 4 Blatchf. 435; *Ellis* v. *Jarvis*, 3 Mason, 457.

This case having been removed from the state court into this court by the defendant, and recovery had against him in this court for an amount which would have carried costs below, he would be adjudged to pay the costs in this court.

There is another consideration in this case: that is, there was a counter claim in it; and had the case been originally brought in this court, and it had appeared by the verdict of the jury that the plaintiff, upon his claim, would have been entitled to the recovery of more than $500, and also that by the verdict it was shown that the jury had found in favor of the defendant upon his counter claim, and that amount, being less than the plaintiff's claim, and deducted from the plaintiff's claim, reduced it to less than $500, the question might still remain whether the plaintiff would not be entitled to costs. But that is not necessary to be decided in this case.

The judgment will therefore be entered upon the verdict, with costs.