## JERMAN v. STEWART, GWYNNE & CO.

*(Circuit Court, W. D. Tennessee. June 10, 1882.)*

1. COSTS—DEPOSITIONS—FEES FOR TAKING—STATE OFFICIALS.

   Although the Revised Statutes only mention a fee of 20 cents a folio of 100 words for taking and certifying depositions to be allowed a clerk of the United States courts or a commissioner of a circuit court, and no act of congress prescribes any fee for any other officer authorized to take depositions, the courts will tax the same fees allowed by congress to clerks and commissioners for that service to any state official taking the deposition, and not the fees allowed by the state law for a similar service.

2. SAME—ATTORNEY'S FEES FOR DEPOSITIONS—AGREEMENT OF COUNSEL.

   When counsel, for their mutual convenience, agree that depositions taken in a suit in the state court between the same parties may be read on the trial of a cause in this court, the attorney of the prevailing party is entitled to the tax fee of $2.50 for each deposition admitted in evidence, as if it had been taken in this court.

3. SAME—BILL OF COSTS—VERIFICATION OF.

    Section 984 of the Revised Statutes, requiring a bill of costs to be verified by the oath of some one having knowledge of the facts, applies to all cases as well as to government cases, and the bill of costs of an official for taking depositions, or making transcripts of a record to be used as evidence, must be so verified before the costs can be taxed.

    Motion to Retax Costs.

    In the taxed bill of costs the following items are excepted to by the defendant as improperly allowed by the clerk, viz.: Fees of W. W. Thompson, justice of the peace, for taking depositions, $9; and of J. W. Wilson, justice of the peace, for like services, $6.04; and of James Fentress, Jr., clerk of the state court, for certified transcript, $9.25; and the attorney's docket fees for 25 depositions, at $2.50 each, $62.50.

    The depositions were used under the following agreement of counsel:

    "It is agreed in this case that the depositions of witnesses heretofore taken in the chancery case of *Stewart, Gwynne & Co.* v. *G. A. Hall and C. E. Jerman,* and now on file in said cause at the chancery clerk's office at Bolivar, or any part or number of said depositions, may be read and used in evidence on the trial of the above-stated cause now pending in the United States court at Memphis, Tennessee, by either party, with the privilege of retaking said depositions, or any part thereof, if it shall be deemed necessary by either party, upon the usual notice in such cases. This September 6, 1880.

            " C. E. JERMAN, by FALKNER & FREDERICK, Attorneys.
            "MYERS & SNEED, Attorneys for Defendants."

    The items taxed in favor of the justices of the peace are for taking depositions originally filed in this court under an agreement of counsel waiving all objections, and are the amounts entered by those officers on the depositions as their charges for taking them, and the item indorsed on the transcript is the clerk's charge for a certified copy of the record of the attachment suit in the state chancery court.

    *Myers & Sneed,* for the motion.

    *William M. Randolph, contra.*

    HAMMOND, D. J. The act of congress of February 26, 1853, c. 80, (10 St. at Large, 161; Rev. St. § 823 *et seq.*,) makes no provision for fees or compensation to other officers or persons than attorneys, district attorneys, clerks of the United States courts, marshals, commissioners, witnesses, jurors, and printers. The next chapter of the Revised Statutes regulates the subject of evidence, and provides for taking depositions where that mode of proof is permitted; but while section 863 authorizes any judge of any court of the United States,

or any commissioner of a circuit court, or any clerk of a district or circuit court, or any chancellor, justice, or judge of a supreme or superior court, mayor or chief magistrate of a city, judge of a county court or court of common pleas of any of the United States, or any notary public to take depositions *de bene esse*, and regulates the practice with great care; and while section 866 authorizes the courts of the United States to grant a *dedimus potestatem* to take depositions according to common usage, in neither of these chapters nor elsewhere, so far as I can ascertain, is there any direction as to the fees or compensation to be allowed these officers for taking the depositions, except that by section 828 clerks of the circuit or district courts, and by section 847 commissioners of the circuit court, are allowed "for taking and certifying depositions to file, 20 cents for each folio of 100 words." Rev. St. §§ 828, 847, 863, 866, 858–910. A commissioner under a *dedimus potestatem* may be an officer of any kind, or any one not an officer. He derives his authority from the *dedimus potestatem*, and is not within section 847 prescribing fees for commissioners of the circuit court.

I have been unable to find any case furnishing a guide in taxing costs as to these other officers for taking depositions. It is to be observed that a justice of the peace is not one of the officers designated to take depositions by these statutes. He may be empowered by a *dedimus potestatem*, as any one may, but he is not otherwise authorized. Under our state practice no *dedimus potestatem* is required, though one may issue; and all the parties have to do is to give the proper notice or file interrogatories, and the deposition may then be taken before one of the designated officers, according to the requirements of the statute, and he is entitled to a fee of only one dollar in any and all cases. A justice of the peace is one of the officers authorized by the state practice. Tenn. Code, (T. & S.) §§ 3836, 3843, 3844, 3847, 3865, 4551, subsecs. 13, 4549, subsec. 20.

Whether this state practice is a legal mode of taking proof in this court or not, nearly all our depositions, as a matter of fact, are so taken, it being an almost universal and commendable custom to agree as to the manner of taking, as was done in this case; and since I have been on the bench I have never known a motion to suppress depositions for any irregularity in taking them; hence the importance of properly determining the costs to be taxed in such cases. The state fee of one dollar is so inadequate that an officer will rarely do more than swear the witness where the deposition is taken without

formality, and written out by the attorneys themselves, which is the usual mode, unless by agreement the writing is done by the officer or some one appointed to do it, and then the expense (which is usually, where the deposition is taken in another state, the fees there allowed) is taxed as costs without objection, as the clerk has done in this case. But the defendants here object, and insist that no more than one dollar can be taxed, and this is the question submitted for determination.

In this case the justices of the peace are officers in the state of Mississippi, and I doubt if they are intended to be restricted in this matter to the fees prescribed for like officers in this state. The Code says nothing about the compensation of officers taking depositions in another state, and the compensation of one dollar is found only in the chapters prescribing the fees for clerks, justices of the peace, and other officers in Tennessee. I am by no means certain that our state courts would hold that no more should be allowed than our own statutes allow here, or that they would not hold that whatever reasonable fees were allowed for the services by the laws of the state where the depositions were taken might be charged as costs in the case. I am informed by the taxing officers of this city that it is usual to tax whatever reasonable fees are charged in such cases, and that by a sort of common understanding, though not regarded as strictly legal, such is the rule of taxation, controversies being adjusted by agreement, and that there is not known to be any adjudicated case settling the practice. This accords with my own experience in the state courts of this city. I am not satisfied, therefore, that according to the state law these officers would be entitled to only one dollar each for the two depositions taken by them, though I do not feel constrained to decide that point.

Prior to the above-mentioned act of congress of 1853, regulating fees, they were taxed according to the state practice as adopted by rule of court or constant usage, and where the state laws happened to be silent as to the few items not provided for, the method was to refer to some allowance in the state court "for a service corresponding with the one in this court, and to tax the costs accordingly." *Re Costs in Civil Cases*, 1 Blatchf. 652; *Pomroy* v. *Harter*, 1 McLean, 448; *Hathaway* v. *Roach*, 2 Wood & M. 63; *Ex parte Paris*, 3 Wood & M. 227; *U. S.* v. *Ringgold*, 8 Pet. 150.

But, while this was the rule of taxation, if the state legislature should abolish a previously-existing allowance it was not binding on the federal courts. *Re District Attorney's Fees*, 1 Blatchf. 647.

Where the fees were not precisely regulated they were to be governed on the basis of *quantum meruit*, according to the analogies for similar services. *Bottomley* v. *U. S.* 1 Story, 153. In *Fry* v. *Yeaton*, 1 Cranch, C. C. 550, costs of taking depositions by a state magistrate under the *de bene esse* clause of the judiciary act were taxed, although no act of congress allowed it, because such costs were taxable under the state law. The chief justice held, in *Re Clerk's Fees*, Taney, Dec. 453, that where the court was authorized to allow reasonable compensation "we must look to what the law allows in similar cases." And in *The Antelope*, 12 Wheat. 546, it was said that where neither an act of congress nor the state law furnished any positive law for compensation, it must be regulated in the discretion of the court, taking care to make it reasonable.

I do not wish to depart from the decisions which hold that where congress has legislated and allowed no fees, none can be allowed by the courts on the doctrine of reasonable compensation, and where this plain statute says that the officers enumerated shall receive certain fees and none other, that the courts cannot enlarge them. *The Baltimore*, 8 Wall. 377; *Jones* v. *Schell*, 8 Blatchf. 79; *Dedekam* v. *Vose*, 3 Blatchf. 153. But here it is obvious that the principle does not apply, because these officials are not mentioned in the act of congress regulating fees, and the omission to provide for them cannot be taken as an intention to deny them all compensation. *Nichols* v. *Brunswick*, 3 Cliff. 88. In *Etheridge* v. *Jackson*, 2 Sawy. 598, Judge Deady takes the distinction between the *right* to costs and the mere *mode of taxing them*. In trials at law the former depends on the laws of the state where there is no act of congress, but the latter on the practice of the federal court itself. To the same effect are *Field* v. *Schell*, 4 Blatchf. 435, and *Burnham* v. *Rougely*, 2 Wood & M. 417.

These decisions all show that from the first congress has intended that the prevailing party should be allowed his reasonable costs, and although the act under consideration has prescribed certain fees for certain officers, it has omitted to prescribe for others, and the question is whether we shall continue to look to the state law for our analogies in these cases, as we did before that act, or now look to that act itself where it furnishes the analogy. I see no reason, if congress says a clerk or commissioner shall receive 20 cents a folio for taking a deposition, for holding that if a judge, justice of the peace, notary public, or other magistrate takes it he shall receive less. We never looked to the state law of costs, as I have shown, as rules of positive law for our obedience; no act of congress requires us to do so as to

all costs, though one or two of the earlier acts did as to some; but the right to costs in a particular case being established by state law, we taxed the amount allowed by that law as a matter of convenience in determining for ourselves by analogy what was reasonable to be taxed. But congress having now said that for taking a deposition a certain allowance shall be made to two classes of officers, we have no need to look to any state law for analogies as to others, and should look to our own act of congress where it furnishes one.

I hold, therefore, that the proper fees to be taxed for the officer taking depositions in this court are the same fees allowed to our clerks and commissioners for similar services, and this no matter how or where they are taken. The same principle applies as to the fees taxed to the chancery court clerk for the transcript, though there is no embarrassment as to that item because both the Revised Statutes and the Code of Tennessee prescribe the same fee of 10 cents a folio of 100 words for transcripts. Rev. St. §§ 828, 983; Code, (T. & S.) 4551, (35.) But the plaintiff should not be allowed for both the transcript of the final decree and the full transcript of the entire record. Counsel did not remember precisely how both came to be used, nor does the court, except that upon the ruling made upon the exception to reading only the final decree the plaintiff produced a full transcript. It may not have been necessary, but the exception of the defendants made it prudent, and they cannot now complain. I think, however, it was unnecessary, and the fees of the full transcript will be taxed, but not the other.

A further objection is made that as to these costs there is no affidavit attached of the party, or some other person, having knowledge of the facts that the services charged have been actually and necessarily performed as therein stated, according to the requirements of the statute. Rev. St. § 984. It is a mistake to suppose that this applies only to government cases. It is in the original act of 1853, and in the Revised Statutes, by its terms is applicable to all cases, and has been enforced as to fees for taking depositions de bene esse; and where the taxation is claimed for witness fees, under section 983 of the Revised Statutes, the affidavit must show that they have been actually paid. Beckwith v. Easton, 4 Ben. 357. These sections of the Revised Statutes, and the section of the original act, do not in terms include officers taking depositions unless they be clerks of the United States courts or commissioners of the circuit court; but inasmuch as there is no special legislation as to others, and we must refer to these provisions by analogy, as has been shown, for the purposes

of determining the compensation, and because it is important that the practice should be uniform in taxing costs, and as it is a matter of practice concerning which we have no positive law, except as declared in these sections, I do not see why the courts should not follow this legislative direction of a rule of practice as to all bills of costs. If one of our commissioners takes a deposition he must make this affidavit, and there is no reason why other officers who claim fees for like services should not be required to make it. But it has never been the practice in this court to swear to these taxed bills of costs, not even by the clerks, marshals, or commissioners, who are plainly required to do so; because, perhaps, it has been understood that the statute applies only to government cases. This objection is the first ever made on that account in this court, and it comes on a motion to retax the costs after they have been taxed and paid into court. I shall not, therefore, disallow the costs for the omission in this case. The practice of the court has been in violation of the statute in all cases, except government cases, and the statute is only extended to these particular items by a necessary implication and a construction that is now made for the first time in this court. Hereafter, however, if objection shall be seasonably made at the time of taxation, no bill of costs will be taxed without the affidavit required by the statute. The proper practice seems to be to have the officer taking the deposition include in his return a bill of the costs, and the affidavit of himself, or some one having knowledge of the facts, that the amount paid witnesses, and for exemplifications and copies used, if any, are properly entered, and that his own services have been actually and necessarily performed, as therein stated, and from this return the judge or clerk can tax the costs. But the statute permits the required affidavit to be made, by any one having knowledge of the facts, at any time before taxation by the court. There can be no doubt of the necessity for this in case the official is a United States court clerk or commissioner, and, I think, for the reasons stated, it necessarily applies to all bills of costs. The fees of a transcript should be verified in the same way.

The objection made to the attorney's fees for depositions is not well taken. They were used under an agreement of counsel that they should be "read and used in evidence on the trial" in this case. The statute gives to the attorney, "for each deposition taken and submitted in evidence in a cause, $2.50." Rev. St. § 824. This does not mean that the depositions shall be formally taken, and the fees allowed only for such as are formally taken, but for those that are

taken in any way and admitted in evidence. The use of the deposition on the trial is what entitled the attorney to the fee. *Stimpson* v. *Brooks*, 3 Blatchf. 456. · In *Ex parte Robbins*, 2 Gall. 320, the law allowed certain fees for filing interrogatories, the libel and answers which were taxed, where, by agreement of counsel, the case proceeded without the papers being actually filed. Mr. Justice Story said: "No interrogatories or answers were, in fact, filed; for all parties, for their mutual convenience, seem to have waived any formal proceedings. The courts have in such cases adjusted the taxable costs in the same manner as if these proceedings were formally entered on the record *apud acta.*" And in *Troy Factory* v. *Corning*, 7 Blatchf. 16, it was ruled that the fee is allowed when the deposition is taken out of court, "under authority which will entitle it to be read as evidence in court." Depositions read from the transcript of the record in the circuit court, on appeal in an admiralty case from the district court, are not taxable; but this is because they were taxable in the district court, and are not entitled to be taxed twice. *Dedekam* v. *Vose*, 3 Blatchf. 77.

The parties here agreed, for their convenience, to use depositions already taken, and, to all intents and purposes, they stood in all respects precisely as if taken in the usual way, except that they saved the costs of retaking. This fee is not a part of the cost of taking the deposition, but, like the docket fee, is an allowance to the attorney as taxable costs for his professional services in the case, and unless the agreement of the parties waives it, it is as much taxable as any other costs.

Overrule the objections and conform the taxation to the principles here laid down.

NOTE. The supreme court, under an act of congress giving the justices thereof power to prescribe a tariff of fees for certain officers in bankruptcy, have, by general order No. 30 in bankruptcy, allowed to registers for taking depositions 20 cents a folio, the statute giving them "the fees now allowed by law." Rev. St. §§ 5124, 5127.