BRY v. LUPTON et al. (Circuit Court, S. D. New York. September 6, 1902.) In Equity. Horwitz & Samuels, for complainant. Charles O. Brewster (Wallace Macfarlane, of counsel), for defendants.

HAZEL, District Judge. The allegations of fraud contained in the bill are not sustained by the proofs. The balance sheets presented to complainant, in view of the mistakes pointed out by his expert accountant, did not become an account stated. The complainant objected to each account when presented, giving as his reason that the balance sheet did not contain a true statement of the business. There was very little ground to the objection. A few errors were discovered, however, and I do not think the statements were conclusive. The bill also alleges that the unsettled accounts between the parties are numerous and complicated. It is therefore deemed best to take jurisdiction of the subject-matter in equity. The complainant had no interest in the wheels, bobbins, molds, or office fixtures at the termination of the contract. The agreement to share in net profits expressly provided that "tools and other necessary requisites for starting a new business shall be put down as expenses." I think the articles mentioned come within the classification. The allegations of undervaluation of merchandise and the claims to profits arising out of the insurance received by defendants are only sustainable on the ground of defendants' fraud. As no substantial proofs are before me upon which to base an adjudication, either that the acts of the defendants were fraudulent or that complainant had any interest in the machinery or property of the defendants, these items are not allowed. Defendant Edward A. Lupton's charge of $225 for expenses in going to England is objected to by complainant. The charge is attempted to be justified by defendant Edward A. Lupton, who says that his trip to Europe concerned the complainant as one interested in their business; it being for the benefit of the enterprise. As Watson, one of the defendants, was in England at the time, it is not clear that Lupton's visit was necessary. Furthermore, Lupton stated to complainant, before leaving, that his object in going to England was to visit relatives. The complainant should not be forced to contribute to this expense. The answer admits an indebtedness to complainant on account of the contract amounting to $419.15. This entitles complainant to a decree for the amount offered, together with $56.25, his proportion of the $225 item disallowed, making in all $475.40. The action having been originally brought in the state court, where costs would be allowed, the recovery here is with costs. Kreager v. Judd (C. C.) 5 Fed. 27. Let a decree be entered accordingly.