# ABELARDO MARTINEZ, ETC.

*v.*

# THE PAUL TAYLOR BROWN COMPANY.

San Juan, Law, No. 918.

### As to Procedure in Taxing Costs.

Federal Practice—Local Law.

   1. Under § 914 of the Revised Statutes of the United States, U. S. Com. Stat. 1901, p. 684 the practice in the Federal court in Porto Rico, as well as elsewhere, conforms in many respects to that of the state in which the court is held.

Same—Costs.

   2. Federal courts, however, make up one system, and the conformity provisions do not cover costs. If the method of taxing costs is not prescribed by the rule of court, it is nevertheless not controlled by any local statute, and is left to the practice of the Federal court.

Cost Bill—Taxing.

   3. The items making up the costs in a suit in the Federal court of Porto Rico must be presented promptly, but need not be verified by affidavit.

Opinion filed December 15, 1913.

Martinez v. The Paul Taylor Brown Co.

*Mr. Henry G. Molina* for plaintiff.

*Mr. O. M. Wood* for defendant.

HAMILTON, Judge, delivered the following opinion:

This matter comes up upon a motion to retax the costs, mainly relating to witnesses, in the bill as allowed by the clerk. As I understand it, the objection is not so much to the items as to the fact that the bill is not sworn to at the proper time, within the ten days as set out in the local statute. Although the amount is small, it seems the point has not been raised before in this court, and it is well to decide it.

1. The rule undoubtedly, under § 914 of the Revised Statutes U. S. Comp. Stat. 1901, p. 684, is that, in general, in many respects the practice in the Federal court should conform to that of the state in which the court is held, and § 34 of the Foraker act puts Porto Rico, as far as courts are concerned, on an equality with the states.

There are two things to be taken into account, therefore. The general principle is that the procedure in this court and any Federal court should conform, except in equity, admiralty, and bankruptcy cases, to the local procedure, the reason given in some cases being that it seems unnecessary to compel counsel to be learned in two kinds of practice,—that in the local and that in the Federal courts.

2. The other principle, however, is this. That Federal courts do all together make up one system of courts. They have a great deal in common, necessarily must have a great deal in common. And there are certain things which Congress has

Martinez v. The Paul Taylor Brown Co.

taken out of what are called the conformity provisions covered by § 914, and one of these things is the matter of costs. Section 823 (U. S. Comp. Stat. 1901, p. 632) and a number of sections following state what the fees of clerks and marshals and witnesses shall be; but there is no special procedure mentioned, however, as to how the cost bill shall become effective. The exact point in this case is whether the local proceeding describing how the cost bill is made up, to wit, that it shall be sworn to in ten days, applies in the Federal court. The decisions read on both sides seem to indicate that the matter is rather discretionary with the particular Federal court. For instance, Jerman v. Stewart, 12 Fed. 277; O'Neil v. Kansas City, S. & M. R. Co. 31 Fed. 663; and Re Abraham, 35 C. C. A. 592, 93 Fed. 777,—seem to show that the Federal court is not bound as to costs by the local procedure; and, as has been very suggestively mentioned, this court must have had, and of course did have, its own method of taxing costs before this statute of Porto Rico was enacted, in 1908. That being so, the question would be whether Porto Rico could change the procedure already adopted and in force in this court. It may not be necessary to determine that as an abstract question for all cases, but I will decide this,—and I think it is right—that the Federal cost system is a system standing by itself, and that it would not be proper to follow the local statute, the Foraker act not expressly requiring it. This would induce confusion. The effort of Congress since the act of 1853 seems to be to establish a general Federal cost system, to be made effective, if necessary, by the adoption of some local court rules. There may not be a local court rule, and that would leave it simply to what has been the practice in this court,

Martinez v. The Paul Taylor Brown Co.

or to some order that the court would make in any particular case.

3. Taking all things into account, therefore, the motion will be refused, and it is now declared that it is not necessary to have an affidavit to a cost bill until some rule is made to cover it. An affidavit is simply a method of proof. It has nothing to do with the costs themselves. If the costs claimed be incorrect, of course they can be disputed on a motion to retax. But it is decided on this motion now, to be our guide in the future, that an affidavit is not necessary to the cost bill, and that the bill does not have to be presented within ten days. The court will take occasion to establish some rule that will cover future cases, but all it can do now is to pass on the past and present.

This is not to be considered as changing any practice in the clerk's office as to approving costs and expenses. I simply decide that under the Revised Statutes no time limit is fixed and no affidavit is required, but these are left to the discretion of the trial court. The clerk will conform to the existing practice until some general rule is made on the subject.