## Case No. 13,454.

### STIMPSON et al. v. BROOKS.

[3 Blatchf. 456.] 1

Circuit Court, S. D. New York. April, 1856.

DEPOSITION—SOLICITOR'S FEES—COSTS.

1. Under the act of February 26, 1853 (10 Stat. 162), the item of $2.50, allowed as costs

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

to a solicitor for each deposition taken and admitted as evidence in a cause, is not taxable in an equity suit, except for the deposition when admitted on a final hearing.

[Cited in Troy Iron & Nail Factory v. Corning, Case No. 14,197; Jerman v. Stewart, 12 Fed. 278; Wooster v. Handy, 23 Fed. 57; Spill v. Celluloid Manuf'g Co., 28 Fed. 870; Cahn v. Monroe, 29 Fed. 675; Winegar v. Cahn, Id. 677; James Dalzell's Son & Co. v. The Daniel Kaine, 31 Fed. 747; Central Trust Co. v. Wabash, St. L. & P. R. Co., 32 Fed. 686; Ingham v. Pierce, 37 Fed. 647; Hake v. Brown, 44 Fed. 734; Ferguson v. Dent, 46 Fed. 90; Atwood v. Jaques, 63 Fed. 561.]

2. The distinction between an affidavit and a deposition, considered.

[Cited in Indianapolis Water Co. v. American Straw-Board Co., 65 Fed. 535.]

This was a bill [by Charles N. Stimpson and others against Alanson E. Brooks] to stay the infringement of letters patent. A motion was made on the bill, supported by affidavits, for an injunction. The motion was opposed by the answer of the defendant, and by affidavits on his part. Mr. Justice Nelson, before whom the motion was made, denied it, with costs. The defendant charged, in his bill of costs, for these affidavits, as follows:—"14 depositions of witnesses, read in opposition to the motion, at $2 50/100 each, $35;" and the clerk allowed the charge, on taxation. The plaintiffs now moved the court to set aside the taxation, as not authorized by law. The above item was the sole item of costs allowed on taxation.

BETTS, District Judge. If this motion prevails, the order of the court awarding costs becomes, in effect, nugatory.

Deposition is a generic expression, embracing all written evidence verified by oath, and thus includes affidavits; but, in legal language, a distinction is maintained, in courts of law and chancery, between depositions and affidavits. A deposition is evidence given by a witness under interrogatories, oral or written, and usually written down by an official person; while an affidavit is the mere voluntary act of the party making the oath, and may be, and generally is, taken without the cognizance of the one against whom it is to be used. Bac. Abr. "Affidavit"; Jac. Law Dict. "Affidavit" and "Deposition"; Wyatt, Pract. Reg. c. 7.

Congress recognizes a distinction between the two methods of proof, by conferring authority on particular public officers to take affidavits and depositions. Conk. Prac. 56, 253; Law, Prac. 41, 154.

The supreme court, in its rules, uses the terms "affidavits" and "depositions" as convertible expressions. S. C. Rules 9, 13, 21, 32, at law. In its equity rules, it marks the distinction more precisely. Rule 80. This court, in its rules in equity, includes under the description of depositions, affidavits offered to support the bill or the defence, in injunction cases (Rules of 1838, 105, 106); and,

anterior to February 26th, 1853, costs were taxed, in this court, to solicitors. for the preparation of affidavits read in injunction causes, under the rules authorizing the use of depositions. According to that usage. the charge in question would have been a legitimate item for taxation. at the rate of allowance then sanctioned. It is now sought to be taxed as a particular authorized by the act of congress of February 26, 1853 (10 Stat. 162).

The provisions of that statute are: "In a trial before a jury, in civil and criminal causes, or before referees, or on a final hearing in equity or admiralty, a docket fee of $20." "In cases at law, where judgment is rendered without a jury, $10, and $5 where a cause is discontinued." "For each deposition taken and admitted as evidence in the cause, $2.50." And the act peremptorily directs, that "no other compensation shall be taxed and allowed" to solicitors, &c. This enactment is not left open to any liberality of intendment, but must be rigorously enforced, conformably to the mandate of congress.

This whole provision covering taxable proceedings has, manifestly, direct relation to those which are final in the cause, and not to interlocutory or incidental ones, so familiar in our practice. however necessary they may be to its progress. That branch of practice, as a ground of remuneration to attorneys and solicitors, is abrogated by the statute. in so far as their compensation is chargeable upon the adverse party.

The expenses in question accrued on a motion for a preliminary injunction, which was in no way conclusive upon either party as to the merits of the cause; and. in that condition of the proceeding. the charge cannot be brought within the grant of costs made in the statute. The court, in its order made upon the motion, treated it as preliminary only, and not one on final hearing. It is the costs on final hearing alone, which are by the statute chargeable by one party against the other. Had these affidavits, in such state of the cause, been admitted in evidence, I should have no doubt that, although not in strict legal nomenclature depositions, they might be regarded as within the intention of congress, and be taxable under the denomination of depositions; but I can find no warrant in the act for their taxation against the plaintiffs. under the facts of the case, even if they had been brought in under a formal commission issued in the cause, or had been taken de bene esse under the 30th section of the judiciary act. I consider the item as not taxable, because the proofs were not admitted on a final hearing of the cause. without considering it of moment whether they can be appropriately termed depositions.

The taxation of $35 for the depositions in question must be set aside.