# Case No. 12,613.

### SEDGWICK v. GRINNELL.

[10 Ben. 6.] [1]

District Court, S. D. New York. June, 1878.

COSTS—FEES ON COMMISSION TO TAKE TESTIMONY.

1. The practice of the court allows as a disbursement to a party who may be entitled to costs, what may have been properly paid by him for the execution of a foreign commission to take testimony. But disbursements must be reasonable and must have been necessarily incurred, and are not to be deemed to have been necessarily incurred unless they are reasonable for the service rendered.

[Cited in The Frisia and The John N. Parker, 27 Fed. 480.]

2. If such a commission is issued to another state of the Union, addressed a person other than one of the "commissioners of the circuit court," the compensation fixed by law for such services, when performed by a commissioner of the circuit court, fixes a standard which should control the discretion of the court as to the amount to be allowed for the fees on the execution of such commission.

[Cited in Powers v. Manning, 154 Mass. 374, 28 N. E. 290.]

3. If the commission issues to a foreign country, where no officers are provided by the law of the United States for the execution of such commission with definite fixed fees, the amount allowed by law here will be taken to be a sufficient compensation for the same service abroad, unless it be shown that the customary charge in such foreign country is greater. If that is shown, it must be held. that the party taking out the commission necessarily pays such larger sum.

[This was a proceeding by John Sedgwick, assignee, against George B. Grinnell.]

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

Thomas M. North, for plaintiff.
Mr. Devine, for defendant.

CHOATE, District Judge. The defendant having a final decree for his costs and disbursements, claims to be allowed as a disbursement the payment of $75 paid by him for the execution of a commission to take testimony at Louisville, Kentucky, and $394.-78 for the execution of a commission to take testimony in London, England. The commissions were issued by consent to the parties named therein as commissioners. The plaintiff's counsel insists that the persons to whom the commissions were issued are "commissioners" within the meaning of Rev. St. tit. 13, c. 16, which fixes the fees of attorneys, clerks, marshals, commissioners, witnesses, jurors, and printers. In this I think the counsel is in error. That chapter, as clearly appears upon a view of all its provisions, refers to "commissioners of the circuit court," appointed under section 627 of the Revised Statutes. The clerk held, however, that the rate of fees to be allowed was governed by the chapter of the Revised Statutes above referred to, which fixes the fees to be paid to "commissioners" at twenty cents a folio "for taking and certifying depositions to file," and he allowed as a disbursement on each of the depositions $25, which was agreed upon by the parties as a proper amount of the fees if determined by that statute. The practice of the court allows as a disbursement what may have been properly paid by the party entitled to costs for the execution of a foreign commission. Disbursements, however, must in all cases be reasonable in amount for the service rendered and must have been necessarily incurred. The exorbitant fees exacted in some parts of the world for the execution of foreign commissions have long been a grievance to attorneys and litigants, and these charges should in all cases where they are chargeable as part of the costs be reduced to what is a reasonable sum for the service rendered. If any amount, however excessive, which the party taking out the commission chooses to pay or is compelled to pay by the commissioner selected, can be charged on the other party, no check is kept on these exactions. The charges are not to be deemed necessarily incurred, except so far as they are reasonable in amount for the service rendered. On the question what will be a reasonable amount the fees fixed by statute for the like service afford a proper standard, with such variation as may be required to conform the charges to those customarily allowed for similar services in the country where the commission is executed, provided such customary charges are not unreasonable.

If the commission is issued to another state in this Union, addressed to a person other than one of the "commissioners of the circuit court," who are officers especially appointed for the purpose of attending to such duties, the compensation fixed by law for such "commissioner of the circuit court" for the same service affords a definite standard, which should control the discretion of the court in determining the reasonableness of the charge in the particular case. If the commission issues to a foreign country where no officers are provided by the law of the United States for the execution of such commission at any definite fixed rates, the amount allowed by law here will be taken to be a sufficient compensation for the same service abroad, unless it be shown that the customary charge in such foreign country for the like service is greater, and if that is shown it must be held that the party taking out the commission necessarily pays such larger sum.

In this case, therefore, the clerk properly taxed these two items on the proofs before him, that of the Kentucky commission because the analogy of the statute fixes the standard of charge, that of the English commission, because there was no proof that the service is ordinarily more liberally compensated in England.

The fact that similar charges have been often included in bills of costs taxed, is immaterial, since no case is referred to where the question of the right to them has been raised. If a party to a suit is under the necessity of examining witnesses abroad, it may be a hardship or a misfortune that he is compelled to pay more than a fair compensation for the execution of the commission, but there is no equitable principle by which he can throw this hardship or misfortune on on the other party merely because he happens to prevail in his suit. The consent to the issuing of the commission cannot be deemed a consent to pay as costs any amount of fees that the other party may pay however unreasonable. In this case it does not appear whether the defendant paid these charges voluntarily or whether they were extorted from him by the commissioners by the withholding of the commissions till the fees were paid. But I see no difference in principle in the two cases. The matter is very much in the control of attorneys, who may in arranging their stipulations for the issuing of commission make proper provision for the payment of these expenses by agreement. The practice of allowing extortionate charges like those in the present case as costs would be giving the encouragement of the courts to the extortions complained of.

Taxation of costs confirmed, with leave to the defendant to apply for a retaxation as to the English commission upon further evidence.