## INGHAM *et al. v.* PIERCE *et al.*

*(Circuit Court, W. D. Michigan, S. D.* July 30, 1888.)

COSTS—ATTORNEYS' FEES FOR DEPOSITIONS.

> Rev. St. U. S. § 824, allowing solicitors $2.50 fees "for each deposition taken and admitted in evidence in a cause," includes as well depositions taken in the ordinary way under equity rule 67 as those taken otherwise. Overruling *Tuck* v. *Olds,* 29 Fed. Rep. 883.

Appeal from Taxation of Costs in District Court.

In this case, a decree having been entered dismissing the bill with costs to the defendants, the clerk, on the application of the defendants being required to tax them, disallowed an item for solicitor's fees of "23 depositions at $2.50, $57.50," on the authority of *Tuck* v. *Olds,* 29 Fed. Rep. 883. The depositions were taken at various places, some within and some without the district, before notaries public, under a stipulation that they should be treated as of the same force and effect as if taken under the sixty-seventh rule before regularly appointed special examiners. An appeal having been taken from this disallowance, the district judge, then presiding, reserved the question until the circuit judge should be in attendance.

*Ross Shinn, (Dryenforth & Dryenforth,* of counsel,) for complainants.

*Taggart & Denison,* for defendants.

Before JACKSON and SEVERENS, JJ.

JACKSON, J., *(orally.)* The district judge, in deciding the present point in *Tuck* v. *Olds,* 29 Fed. Rep. 883, followed the course of practice indicated by Judge TREAT in *Strauss* v. *Meyer,* 22 Fed. Rep. 467. In the latter case the language employed by the judge was somewhat wider than the decision. We do not think it is necessary to criticise that case, however, for it is made to appear to us that throughout this circuit, at least, and as it would seem in the others generally, the practice has been, and is, to allow such costs in like circumstances. Rev. St. § 824. And among the reported cases, see *Jerman* v. *Stewart,* 12 Fed. Rep. 271; *Stimpson* v. *Brooks,* 3 Blatchf. 456; *Factory* v. *Corning,* 7 Blatchf. 16; *Wooster* v. *Handy,* 23 Blatchf. 112, 23 Fed. Rep. 49. Without examining the question on its original merits, we are satisfied that the practical interpretation of the statute in the other direction has been generally in the courts of this circuit so long established, and for the sake of uniformity, as well, we should overrule the decision in *Tuck* v. *Olds* in this particular, and allow this item to be taxed. Ordered accordingly.

SEVERENS, District Judge, desires that I should express his concurrence in this opinion.