### SWITZER *et al* v. HOME INS. Co. *et al.*

*(Circuit Court, S. D. Mississippi, W. D.   January Term, 1891.)*

COSTS—TAXATION—ATTORNEY'S FEES.
Where several suits by the same firm against different insurance companies, to recover for a fire loss, are by agreement submitted to referees to fix the value of the property destroyed, and to render a final award, and the referees give judgment against the insurance companies for a certain amount and costs, it is proper to allow as costs an attorney's fee of $20 in each of the original cases, under the statute allowing such fees to be taxed in each case tried by a jury or submitted to referees.

At Law.
*Miller, Smith & Hirsh*, for plaintiffs.
*M. Marshall* and *Harry H. Hall*, for insurance companies.

HILL, J.   The questions presented for decision arise upon defendants' motion to retax the attorney's fees as part of the costs in these causes. The facts out of which this controversy arises are as follows: The plaintiffs are merchants doing business in the city of Vicksburg, and were carrying a large and valuable stock of dry goods in the year 1889. To provide against accident by fire, they applied for and obtained policies from said companies, 11 in number. On the 24th day of December, 1889, all of the stock of merchandise so insured was accidentally destroyed or damaged by fire without any fault on their part. Plaintiffs made out and delivered proof of loss as required by the policies. Plaintiffs and defendants severally disagreed as to the amount of loss, and defendants severally refused to pay the sums demanded. Whereupon

plaintiffs brought suit against defendant companies severally, in this court, triable at the present term. On the first day of the term the parties entered into a written agreement, by which the question as to the value of the property destroyed and injured by fire was submitted to three referees, including the presiding judge of the court, to whom all questions of law and of the admissibility of testimony was alone referred, and whose decision was to be final. The referees heard a large number of witnesses and other testimony, with extended arguments of counsel on both sides, and made, in writing, an award, fixing the loss so sustained at $83,000; which it was agreed should be final, and should be distributed between the said defendant companies according to the amount of the respective policies, and judgment should be rendered against them, with costs, respectively, which was done. The clerk, in taxing the costs, taxed $20 in each case as attorney's fees. The defendants contend—*First*, that as the cases were all heard together, but one tax should be allowed against all the defendants, to be taxed against them *pro rata; second*, that, if this is not so, yet only $10 should be taxed against each defendant, and then $20 should be prorated between them.

There has been some want of uniformity in the rulings of the different courts on the allowance of attorney's fees, but, as there is no case to which I have been referred in which the facts are similar to those in this case, they need not be considered, under the view I take of this question, as presented in relation to the facts in this case. These suits were altogether separate and distinct until the agreement of reference was made, and which was necessary, in order to ascertain the amount of the judgment to be entered against each defendant company. The Revised Statutes of the United States allows an attorney tax fee of $20 in each action at law tried by a jury or submitted to referees, and $10 on each judgment had without a trial by a jury, or found by the award of referees. In this case the judgments, respectively, were had upon the award of the referees, the submission to the referees, and their award, or a verdict by a jury, being necessary to ascertain the amount of the judgment to be entered in each case. The contention of defendants is that there was but one hearing and one award, and that consequently but one counsel fee should be taxed.

I am of the opinion that the agreement was for the purpose of saving time and labor on the part of the parties, counsel, and court; also to save costs of witnesses and other costs, and not attorney's fees; and also to make the award final and conclusive. All the cases were before the referees, and the parties received the same benefit from the award that they would have done had the question as to the amount of the loss been considered separately. This is a different case from one in which there is no finding by the jury or referees, and then an after-agreement that other cases should be regulated by it. Without further comment, I am satisfied that an attorney's fee of $20 should be taxed in each case, as it is no more than would have been properly taxed had each case been separately submitted. The motion of defendants is overruled.