INDIANAPOLIS WATER CO. v. AMERICAN STRAW-BOARD CO.

(Circuit Court, D. Indiana.     February 6, 1895.)

1. ATTORNEYS—FEES—DEPOSITIONS.
     A deposition is taken in a cause, and admitted in evidence therein, within Rev. St. § 824, allowing attorneys a fee of $2.50 "for each deposition taken and admitted in evidence in a cause," where it was taken for use on motion for preliminary injunction, and though not used thereon, by reason of the withdrawal of the motion, was used on final hearing, under stipulation that it be treated as taken after issue joined.

2. SAME.
     Though there are objections to an instrument introduced in evidence as a deposition which could have been raised to its introduction, these having been waived by allowing it to be used, it is a deposition, within Rev. St. § 824.

3. SPECIAL EXAMINER—COMPENSATION.
     Where testimony is taken in a case in a federal court by a stenographer of a state court, appointed by the federal court, at the instance of the parties, as a special examiner in chancery, and selected because he was a stenographer, there being no statutory rule of compensation, and there having been no contract for fees, he will be allowed the established rate of stenographers' charges in the courts of the state.

Suit by the Indianapolis Water Company against the American Strawboard Company. Heard on motion to retax costs and disbursements.

Baker & Daniels, for complainant.
John W. Kern, for defendant.

BAKER, District Judge.   Section 824 of the Revised Statutes of the United States allows to attorneys a fee of $2.50 "for each deposition taken and admitted in evidence in a cause."   To entitle an attorney to this fee, there must be a concurrence of three things, viz. (1) there must be a deposition; (2) it must have been taken in a cause; and (3) it must have been admitted in evidence therein.   In this case the testimony of the witnesses was taken by a special examiner, who was appointed by the court for the purpose of taking it for use upon the hearing of a motion for a preliminary injunction; but the motion was subsequently withdrawn, and the testimony was not used for that purpose.   It was afterwards agreed that the testimony which was so taken should be "treated as taken after issue joined," and read in evidence upon the final hearing of the cause in which it was taken, and it was so treated and used.   There is no controversy about these facts, and the statement of them establishes the second and third elements of the claim to these fees, for the testimony of the witnesses was both taken and admitted in evidence in a cause.   It only remains to be ascertained whether the testimony which was so taken and admitted in evidence may be properly described as "depositions," within the meaning of the statute.

Primarily, a deposition is simply written testimony.   It is testimony that is deposited or laid down in writing.   There are only two modes of producing the testimony of a witness before a court upon the trial or hearing of a cause.   It may be produced by reading his deposition, or it may be produced orally; and the "oral examination of a witness," within the meaning of the sixty-seventh rule in equity, is not synonymous with the "oral testimony of a witness."   Ferguson v. Dent, 46 Fed. 89, 90.   The rule provides for taking depositions upon "oral examination," instead of written interrogatories.   Oral testimony on the trial or hearing of a cause must be spoken and delivered by the witness in the presence of the court.   Depositions are a substitute for it.   Testimony that is orally delivered before any person who is authorized to receive it, and reduced to writing for use in a court, becomes a deposition.   But, in order to render it admissible as evidence in a court, it must be taken according to law.   A legal deposition, according to Bouvier is "the testimony of a witness, reduced to writing, in due form of law, by virtue of a commission or other authority of a competent tribunal, or according to the provision of some statute law, to be used on the trial of some question of fact in a court of justice." 1 Bouv. Law Dic. tit. "Deposition."   In Nail Factory v. Corning, 7 Blatchf. 16, Fed. Cas. No. 14,197, it was said by Nelson, J., that it is "testimony taken out of court under an authority which will entitle it to be read as evidence in court, and has no relation to oral testimony taken in court, or before a master.   It applies in cases at common law where depositions are given in evidence on the trial, and in suits in equity where depositions are read at the hearing."   See, also, Stimpson v. Brooks, 3 Blatchf. 456, Fed. Cas. No. 13,454.   The signing of a deposition is a mode of authentication only.   If the witness refuses to sign his deposition, it may be signed by the special master

who has taken it, under the sixty-seventh rule in equity. Its authentication, and the observance of other legal formalities in the taking of it, are necessary only to procure its admission in evidence in a court. A neglect or omission of these formalities affects its admissibility only. An observance of them makes it admissible against any objections on that account. But these objections may be waived. A failure to interpose such objections at the time the deposition is offered in evidence is a waiver of them. In this case there was an express waiver of any objections to the depositions, by the terms of the agreement under which they were used. When depositions are admitted in evidence on the trial or hearing of a cause, and have performed the office and function of depositions, they are, so far as the court in which they were used is concerned, legal depositions, as fully and completely as if every technical formality had been accurately observed in the taking of them. In Stimpson v. Brooks, supra, Betts, J., stated it as his opinion that affidavits are taxable as depositions, if used in evidence by agreement on a final hearing; and in Wooster v. Handy, 23 Fed. 49, it was held by Blatchford, J., that depositions which were entitled and read in evidence in several cases were taxable in each of them, although they were taken and reduced to writing only once. In the case under consideration, where it must be and is conceded that the testimony of the witnesses was taken and reduced to writing under and by competent authority, and their written testimony has fully performed the office and function of depositions on the final hearing of the cause, it is useless, in determining the compensation of the officer before whom it was taken, and of the attorneys for their services in connection therewith, to inquire whether it had every technical requirement of legal depositions that was necessary to secure their admission as evidence. The waiver supplied any defect. The taxation of attorney's fees on each of the depositions herein is therefore approved. Evans v. Hettich, 7 Wheat. 453; Shutte v. Thompson, 15 Wall. 151; Howard v. Manufacturing Co., 139 U. S. 204, 11 Sup. Ct. 500; Hake v. Brown, 44 Fed. 734; Jerman v. Stewart, 12 Fed. 271; Ferguson v. Dent, supra; Ingham v. Pierce, 37 Fed. 647.

The testimony in this case was taken by one of the stenographers in the courts of the state, under an appointment of this court as a special examiner in chancery. He was selected by the parties for appointment, and was appointed at their instance. Examiners are appointed under the equity rules, like special masters. There is no statutory rule of compensation or schedule of fees that is expressly applicable to them. The compensation of special masters is fixed by the allowance of the court. In making an allowance to an examiner, the fees of clerks and commissioners for taking depositions might furnish analogies for the guidance of the court. On the other hand, stenographers in the courts of the state have an established rate of charges for their services, and the claim and taxation of compensation for the examiner in this case are founded thereon. There does not appear to have been any contract between the examiner and the parties. Their attorneys were practicing in the courts of the state, and presumably were acquainted with the estab-

lished rate of charges among stenographers. The examiner was selected because he was a stenographer. If the parties considered the known and established rate of charges exorbitant, they should have made a special contract with him. In the absence of any special contract, the examiner had a right to expect that the established rate of charges in the state courts would govern. By accepting the appointment of examiner, he did not agree to accept a less compensation for his services as a stenographer than he was accustomed and entitled to receive for the like services in the state courts. It is not denied that his claim, and the taxation thereon of $1,668.05, are in accordance with the established rate of charges among the stenographers in the state courts. But there is no reason why the per diem charge should be twice as large in the United States courts as in the courts of the state. It is $5 in the courts of the state, and it ought to be the same here. The charge of $320 for per diem, therefore, will be reduced to the sum of $160, and the examiner will be allowed for his services the sum of $1,508.05. Except as herein modified, the motion to retax is overruled.