## BARNARDIN v. NORTHALL et al.

(Circuit Court, D. Indiana. November 10, 1897.)

### No. 9,358.

COSTS—ATTORNEY'S FEE—DEPOSITIONS.
 Under Rev. St. § 824, an attorney's fee of $2.50 for each deposition is not taxable until the deposition has both been taken and admitted in evidence.

This was a suit in equity by Alfred L. Barnardin against William H. Northall and others. The cause was heard on defendants' motion to strike the amended bill from the files.

Church & Church, for complainant.
Robert H. Parkinson, for defendants.

BAKER, District Judge. On September 28, 1897, leave was granted complainant to file an amended bill on payment of "all the costs of the suit to date." The costs taxed by the clerk were paid, and the amended bill was filed. The defendant now moves to strike the amended bill from the files because an attorney's fee of $2.50 was not taxed and paid upon each deposition that was taken in the cause. The only depositions in the cause were taken by the complainant. They have never been admitted in evidence upon a hearing before the court or a master in chancery. There has not been any hearing of the cause. They have never been offered in evidence. They have not even been published. It is impossible for the court to say whether they would have been published or offered in evidence if the cause had proceeded under the original bill. The statute is as follows: "* * * For each deposition taken and admitted in evidence in a cause, two dollars and fifty cents." Rev. St. § 824. It was held by this court in Indianapolis Water Co. v. American Straw-Board Co., 65 Fed. 534, that under this statute attorney's fees on depositions are allowable only when there is "a concurrence of three things, viz.: (1) There must be a deposition; (2) it must have been taken in a cause; and (3) it must have been admitted in evidence therein." The contention of the defendant is that, when a deposition is "taken," it is "admitted in evidence." If such were the case, the words "admitted in evidence" would be mere surplusage. It is a rule in the construction of statutes that effect shall, if possible, be given to every part of them. It is evident that congress meant by the words "admitted in evidence" something more than the mere taking of a deposition. An attorney's fee on depositions is not taxable until they are both taken and admitted in evidence. The admission of depositions in evidence involves an exercise of judicial functions which are not vested in an examiner or other ministerial officer. These depositions may or may not be legally entitled to be admitted in evidence. If a fee were taxable for the taking of a deposition, it might be contended that another fee would be taxable when the deposition is thereafter admitted in evidence. But it is plain that a single fee is taxable for a single deposition, under the conditions

which are prescribed by the statute. The fee is annexed to the deposition under those conditions. When the costs were taxed in this case, the statutory conditions had not been complied with. The depositions had been taken, but they had not been admitted in evidence. Attorney's fees upon them were, therefore, not taxable, and the taxation by the clerk was correct. The motion of the defendant to strike the amended bill from the files is accordingly overruled.