UNITED STATES, to Use of HUDSON RIVER STONE SUPPLY CO., v. VENABLE CONST. CO.

(Circuit Court, N. D. Georgia. June 3, 1904.)

1. COURTS—FEDERAL COURTS—WITNESS FEES—MILEAGE.

A witness in attendance on a federal court may be allowed mileage for going to his home and back, not exceeding 100 miles, during an adjournment of the court, and the same taxed as costs, where it is less than his per diem fees would be if he had remained in attendance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 938.]

2. SAME—ATTORNEY'S FEES FOR TAKING DEPOSITIONS.

Attorney's fees for taking depositions can be taxed in a federal court under Rev. St. § 824 [U. S. Comp. St. 1901, p. 632], only for such depositions as were "admitted in evidence" in the language of the statute.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 938.]

3. SAME—FEES FOR TAKING DEPOSITIONS.

Fees taxable for taking depositions on interrogatories in a federal court when not taken by a United States commissioner are not governed by the state statute, but may properly be taxed at 20 cents per folio by analogy with those allowed the clerk, by Rev. St. § 828 [U. S. Comp. St. 1901, p. 635].

4. SAME—ATTORNEY'S DOCKET FEES—CONSOLIDATION OF SUITS.

Where two suits are brought in a federal court between the same parties which are consolidated for trial, but separate verdicts are returned, two attorney's· docket fees of $20 each are taxable against the losing party, under Rev. St. § 824 [U. S. Comp. St. 1901, p. 632].

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 938.]

On Motion to Retax Costs.
For original opinion, see 124 Fed. 267.
158 F.—53

Felder & Rountree and Staton & Campbell, for plaintiff.

Hoke Smith, H. C. Peeples, and B. H. & C. D. Hill, for defendant.

NEWMAN, District Judge. On the motion to retax costs in this case, the first question is as to the taxation of the mileage of two witnesses, viz., Brown, for two trips, and Kettle, for three trips. There is an agreement of facts by counsel as to this matter, as follows:

"There was an adjournment of the court for the holidays of two weeks, and in order that the court might be held at Columbus for one week, pending the trial of the cause. For this reason witness Brown has been allowed for two trips, and witness Kettle for three trips, each trip being taxed by the clerk at 100 miles each way. The trips were actually made by said witnesses during such adjournment. Each of said witnesses resides more than 100 miles from Atlanta, where the cause was tried. The attendance of neither was compulsory, but each had a subpoena handed him and each attended in good faith. The mileage allowed is less than the per diem would have been if either Brown or Kettle had remained in attendance during the entire trial."

It appearing that it was less expensive to allow the witnesses to go home and return, during the interval of the trial referred to, than it would have been to keep them in Atlanta and pay them their per diem allowance, and, the clerk only having allowed 100 miles, the taxation by the clerk as to this item is held to be correct, and is approved.

2. The next item is as to the allowance by the clerk of attorney's fees for depositions, $2.50 each, under section 824, Rev. St. [U. S. Comp. St. 1901, p. 632], taken and not read in evidence in the case. The clerk taxed the defendant, the losing party in the cause, with attorney's fees for several sets of depositions or interrogatories which were not used on the trial, and for one set which was offered and rejected. The language on this subject (section 824) is as follows:

"For each deposition taken and admitted in evidence in a cause, two dollars and fifty cents."

The cases on this subject are collected in Gunckel, Costs in Federal Courts, p. 194 et seq. My opinion is that under this statute the losing party cannot be taxed with attorney's fees for depositions, unless they are "admitted in evidence" in a cause, in the language of the statute. In Indianapolis Water Co. v. American Straw-Board Co. (C. C.) 65 Fed. 534, in the opinion by Judge Baker the question is disposed of in a way which seems to be correct, as follows:

"To entitle an attorney to this fee, there must be a concurrence of three things, viz.: (1) There must be a deposition; (2) it must have been taken in a cause; and (3) it must have been admitted in evidence therein."

In Barnardin v. Northall et al. (C. C.) 83 Fed. 241, the same judge said this:

"The contention of the defendant is that, when a deposition is 'taken,' it is 'admitted in evidence.' If such were the case, the words 'admitted in evidence' would be mere surplusage. It is a rule in the construction of statutes that effect shall, if possible, be given to every part of them. It is evident that Congress meant by the words 'admitted in evidence' something more than the mere taking of a deposition. An attorney's fee on depositions is not taxable until they are both taken and admitted in evidence. The ad-

mission of depositions in evidence involves an exercise of judicial functions which are not vested in an examiner or other ministerial officer. These depositions may or may not be legally entitled to be admitted in evidence. If a fee were taxable for the taking of a deposition, it might be contended that another fee would be taxable when the deposition is thereafter admitted in evidence."

The clerk in this case will only tax for interrogatories taken and admitted in evidence in the cause—that is, read in evidence.

3. Exceptions taken by defendant to the allowance by the clerk of "twenty cents for each folio of one hundred words" for taking depositions or interrogatories. The clerk taxes this by analogy with that allowed clerks under section 828 of the Revised Statutes [U. S. Comp. St. 1901, p. 635]. It is contended for the defendant that it should not be taxed as the expense of taking depositions with more than the fee allowed by the statute of Georgia (Civ. Code 1895, sec. 5321), which is, for examination of each witness, $2; for certificate and returning testimony, 50 cents; and for issuing each subpœna, 20 cents; or at most, with the allowance to United States commissioners under the act of May 28th, 1896, c. 252, § 21, 29 Stat. 184 [U. S. Comp. St. 1901, p. 652], 10 cents a folio. Unless the statute of the state governs the matter in this court, the clerk had to adopt by analogy either the fee allowed clerks under section 828, or that allowed United States commissioners by the act of 1896; and, as I am inclined to think the state statute is not applicable here, I see no reason to find that the clerk erred in adopting, as governing in this matter, the rate allowed clerks for taking and filing depositions. Prior to the act of 1896 the fees of commissioners of the Circuit Court was the same as that allowed the clerk—20 cents a folio—but by that act it was reduced to 10 cents a folio. This reduction only applies to what are now known as "United States Commissioners"; formerly, and before the act of 1896, commissioners of the Circuit Court. It does not apply, of course, to persons other than such commissioners who are named to execute or take answers on written interrogatories filed by the parties in civil cases; and the clerk in taxing costs may as well adopt the rule as to the amount allowed clerks as the amount allowed United States commissioners; indeed, with more propriety, as this has heretofore been the rule for taxing costs in such cases. As a matter of fact, even the amount thus allowed would be much less than the amount necessarily expended in having, in this way, testimony properly taken. The clerk may tax against the defendant the expense of the plaintiff for taking depositions or interrogatories which were used in evidence, at the rate allowed clerks by the statute, and fixed by him, viz., 20 cents a folio.

4. The remaining question is as to the taxation by the clerk of two attorney's docket fees. There were two suits by the plaintiff against the defendant, and they were consolidated for convenience in the trial, with the proviso, in the order making such consolidation, that separate verdicts should be taken. The jury was instructed by the court to find separate verdicts, which was done. The statute is:

"On a trial before the jury in civil * * * causes, * * * a docket fee of twenty dollars."

I think the clerk was correct in allowing a docket fee of $20 in each case. While there was but one hearing before the court and jury in this case, two cases were really tried and separately ended. In this sense, there were two trials, and I agree with the clerk that two attorney's docket fees should be charged. Switzer v. Home Ins. Co. (C. C.) 46 Fed. 50.

As the action of the court in this matter will probably serve somewhat as a precedent in taxing costs in this district, I have conferred with Circuit Judge Pardee regarding it, and he agrees with me in the conclusions stated above.