AMERICAN BANK PROTECTION CO. v. CITY NAT. BANK OF JOHNSON CITY.

(District Court, E. D. Tennessee, N. E. D. February 1, 1913.)

No. 1,475.

1. COSTS (§ 184*)—WITNESS FEES—WITNESSES NOT SUBPŒNAED.

Per diem and travel fees of witnesses who attend voluntarily in a federal court without subpœna are taxable as costs under Rev. St. § 848 (U. S. Comp. St. 1901, p. 654), fixing witness fees for witnesses attending in federal courts.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 715–736; Dec. Dig. § 184.*]

2. COSTS (§ 147*)—TAKING TESTIMONY—EXAMINER'S FEES—STATUTES.

Act Cong. May 28, 1896, c. 252, § 19, 29 Stat. 184, abolishing the offices of commissioners of the Circuit Court and providing for the appointment of United States commissioners, who by section 21 were only to be entitled to 10 cents a folio for taking and certifying depositions in civil cases, did not repeal or amend by implication Act Cong. Aug. 15, 1876, c. 304, 19 Stat. 206, authorizing notaries public of the several states to take depositions in the same manner as commissioners of the United States Circuit Courts, who, by Rev. St. § 847, were authorized to charge 20 cents a folio, and hence the only fee thereafter taxable as costs for taking depositions by a notary public, who is himself a stenographer and who takes the depositions down stenographically and afterwards reduces them to typewriting, is 20 cents a folio for the original transcript.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 570, 571; Dec. Dig. § 147.*]

3. COSTS (§ 190*)—TAKING DEPOSITIONS—COPIES.

Fees of a notary public taking depositions for filing for additional copies furnished to counsel for each of the parties is an individual ex-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pense to be paid by the party whose convenience has been served, and is not taxable as costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 660–662; Dec. Dig. § 190.*]

In Equity. Suit between the American Bank Protection Company and the City National Bank of Johnson City. On defendant's motion to retax costs. Granted in part.

Paul & Paul, of Indianapolis, Ind., and Webb & Baker, of Knoxville, Tenn., for complainant.

Harr & Burrow, of Johnson City, Tenn., for defendant.

SANFORD, District Judge. [1] 1. The first ground of the motion is to retax the costs of various witnesses aggregating $109.00, the specific objection being that these witnesses voluntarily traveled to the place of examination and testified before the officer taking the testimony, without having been placed under subpœna.

I am of opinion, however, that the mere fact that the witnesses had not been summoned, is not a ground for disallowing as costs their per diems and mileage otherwise taxable as part of the costs.

The question whether the per diem and travel fees of witnesses who attend voluntarily in a Federal Court, without subpœna, are taxable as part of the costs under section 848 of the Revised Statutes (U. S. Comp. St. 1901, p. 654) and earlier statutes, has been a question as to which there has been a direct conflict of opinion, as appears from the cases on this subject collected and digested in Gunckel's Costs in Federal Courts, § 25, p. 97. Prior to 1886 the weight of opinion appears to have been about evenly divided. In that year, however, it was held in United States v. Sanborn (C. C.) 28 Fed. 299, in a carefully prepared opinion by Gray, Circuit Justice, in which Colt, Circuit Judge, concurred, and after a full and elaborate review of the authorities, that under section 848 of the Revised Statutes the mileage of witnesses who had attended a trial without subpœna should be taxed as part of the costs. Since the publication of this opinion it appears that the case of Lillienthal v. Railway Co. (C. C.) 61 Fed. 622, is the only one in which it has been held that the fees and mileage of witnesses who attend voluntarily without subpœna are not taxable as costs, and it furthermore appears that in reaching this conclusion Ross, District Judge, who delivered the opinion, felt constrained, without regard to his individual views, to adhere to the construction that had been previously put upon the statute by Sawyer, Circuit Judge, in two earlier reported cases in the same circuit.

On the other hand it appears that since the publication of the opinion in the Sanborn case, it has been uniformly held—except in the Lillienthal case—that the per diems and travel fees of witnesses who attend in good faith, should not be disallowed, if otherwise taxable, merely because the witnesses were not subpœnaed, but attend voluntarily at the request of one of the parties. Cahn v. Monroe (C. C. Mich.) 29 Fed. 675 (Severens, J.); The Vernon (D. C. Mich.) 36 Fed. 113, 116 (semble, Brown, J., afterwards Mr. Justice Brown); The Syracuse (C. C.) 36 Fed. 830; Eastman v. Sherry (C. C.) 37 Fed. 844; Burrow

v. Railroad Co. (C. C. W. D. Tenn.) 54 Fed. 278 (Hammond, J.); Pinson v. Railroad (C. C.) 54 Fed. 464; Simpkins v. Railroad (C. C.) 61 Fed. 999; Sloss Iron Co. v. Railroad Co. (C. C.) 75 Fed. 106; Hanchett v. Humphrey (C. C.) 93 Fed. 895; St. Matthews Sav. Bank v. Casualty Co. (C. C.) 105 Fed. 161.

After careful consideration, I am of opinion that the rule laid down in the Sanborn case and followed in the later cases, is based upon the sounder reasoning, and that as that case has been followed in every case in which the question has arisen in any district within this circuit, including the Western District of Tennessee, it should now be followed in this district; and the first ground of the defendant's motion to retax the costs will accordingly be overruled.

[2] 2. The second ground of the motion relates to the item of $700.00 taxed by the clerk as examiner's fees for taking complainant's testimony, which was taxed by the clerk as 2,800 folios, the number claimed, at the rate of 25 cents per folio of 100 words.

By stipulation of counsel it was agreed that the testimony in this case might be taken anywhere in the United States before any qualified notary public or other officer competent to administer oaths; that it should be taken orally under the 67th equity rule and reduced to typewriting by the officer or by a skilled stenographer under his direction; and that when so taken it should have the same force and effect as if taken before a standing officer of the court or a special examiner duly appointed. It furthermore appears that the testimony in question was taken in Minnesota by a notary public, who was also a stenographer; that he made an original typewritten transcript of the testimony, which was filed in the court, and also made two carbon copies, one of which was furnished to counsel for complainant and one to counsel for defendant; that he charged 25 cents per folio for the original and the two copies (which was concededly paid by the complainant); and that the charge of 25 cents per folio is the regular and customary charge for taking testimony in the Federal Courts in Minnesota where three copies are thus made.

In passing upon the present motion, it is unnecessary to determine the unsettled question as to the fees to be properly taxed when depositions have been taken by an officer whose compensation has not been fixed by the Federal Statutes, upon which, as appears from the cases collected and digested in Gunckel's Costs in Federal Courts, §§ 15 to 17, inc., p. 42 et seq., a great diversity of opinion has been expressed; or to determine whether in such case the standard adopted should be the reasonable charges customarily allowed for similar services in the place where the depositions were taken (Sedgwick v. Grinnell, 10 Ben. 6, 21 Fed. Cas. 979; Kitchin v. Parker [D. C.] 27 Fed. 480); or the fees now allowed by the Revised Statutes to clerks and formerly to commissioners of the Circuit Court for similar services (Jerman v. Stewart [C. C.] 12 Fed. 276; United States v. Construction Co. [C. C.] 158 Fed. 833, 834); or a sum fixed by the practice in the particular circuit (Edison Light Co. v. Elec. Co. [D. C.] 63 Fed. 559); or the established rate of charges in the State courts (Indianapolis Water Co. v. Straw-Board Co. [C. C.] 65 Fed. 534). Nor is it necessary to

determine the effect of the 8th clause of the former 67th equity rule in reference to the taxation of the expenses of taking down depositions by a stenographer other than the officer taking the depositions.

The sole question now presented is as to the costs which may be properly taxed where the depositions are taken before a notary public, who is himself a stenographer, and who, instead of writing out the depositions, takes them down stenographically and afterwards reduces them to typewriting.

By the Act of August 15, 1876, c. 304, 19 Stat. 206, notaries public of the several states were authorized to take depositions and do all other acts in relation to taking testimony to be used in the courts of the United States "in the same manner and with the same effect as commissioners of the United States Circuit Court may now lawfully take or do." At that time section 847 of the Revised Statutes provided that the fees of the commissioners, that is, commissioners of the Circuit Courts (R. S. § 627; United States v. Construction Co., supra), should be 20 cents per folio "for taking and certifying depositions to file." And since the Act of 1876 expressly provided that notaries public might take depositions in the same manner and with the same effect as commissioners of the Circuit Courts might *then* take them, I am constrained to hold that one of the necessary effects, coming plainly within the intent of Congress, was that notaries public, upon taking such depositions, should be allowed the same fees as were then allowed to commissioners of the Circuit Courts, that is to say, 20 cents per folio for taking and certifying depositions to file; and that this amount, and no other, can hence be properly allowed as taxable costs, regardless of the reasonableness of the sum actually paid or the customary local charges for such services.

It is true that by section 19 of the Act of May 28, 1896, c. 252, 29 Stat. 184, the offices of commissioners of the Circuit Courts were abolished, and provision made for the appointment of United States Commissioners, with the same powers and duties, and that by section 21 of this Act it was provided that United States Commissioners should be entitled to a fee of 10 cents per folio, and none other, "for taking and certifying depositions to file in civil cases." However, I cannot regard this provision as either repealing or amending by implication the earlier Act of 1876 providing for the taking of depositions by notaries public in the same manner and with the same effect as they were *then* taken by commissioners of the Circuit Courts, and, as a necessary incident, fixing their fees at the amounts then allowed commissioners of the Circuit Courts for such services.

Under this construction of the statutes, it results, it is true, that there is now great diversity in the fees allowed different officers for the same services in taking and certifying depositions in the Federal Courts; the fees of clerks for such services being expressly fixed at 20 cents per folio (Rev. Stat. § 825 [U. S. Comp. St. 1901, p. 634]); those of United States commissioners at 10 cents per folio; and the fees of special examiners and other officers for whose compensation express provision is not made being apparently taxed according to diverse standards in the different circuits. However, the functions of

the court in the enforcement of statutes are limited to the ascertainment of the legislative intent, and cannot extend to either legislation or amendment, even to remedy apparent hardship. Schlitz Brewing Co. v. United States, 181 U. S. 584, 589, 21 Sup. Ct. 740, 45 L. Ed. 1013; Petri v. Lumber Co., 199 U. S. 487, 495, 26 Sup. Ct. 133, 50 L. Ed. 281; St. Louis, I. M. & S. R. Co. v. Taylor, 210 U. S. 281, 295, 28 Sup. Ct. 616, 52 L. Ed. 1061; Grace v. Collector of Customs (C. C. A. 9) 79 Fed. 315, 318, 24 C. C. A. 606. Hence, if a remedy be required to render uniform the fees of officers taking depositions in Federal Courts and to establish them upon a fixed and certain basis, depending upon the service rendered, rather than upon the character of the officer taking them, this can only be properly obtained by legislation, and, under the present statutes, is, so far at least as specific statutory provisions are concerned, a matter beyond the province of the court.

[3] Furthermore, independently of the statutory provisions hereinabove considered, I am otherwise led to the conclusion that the entire 25 cents per folio paid the notary by the complainant is not properly taxable as costs therein, since it appears that part of the fee thus charged by the notary and paid by the complainant, was for furnishing additional copies of the testimony to counsel for each of the parties, and there is nothing to show what is the customary fee paid in Minnesota where only the original transcript of the testimony is made and certified by the officer. The fees of clerks and United States commissioners for furnishing copies of depositions to a party on request, are fixed at 10 cents for each folio. Rev. Stat. § 828 (U. S. Comp. St. 1901, p. 635); Act of 1896, supra, 29 Stat. 185. It is clear, however, that whatever may be the proper rate to be charged by a notary for furnishing additional copies of the testimony to counsel for the parties, with or without a special agreement to that effect, the cost of such additional copies is in no event part of the taxable costs of the cause, but is merely an individual expense to be paid to him by the party whose convenience has thus been served. Tesla Elec. Co. v. Scott (C. C.) 101 Fed. 524, 525. And see, by analogy, Caldwell v. Jackson, 7 Cranch, 276, 3 L. Ed. 341.

The second ground of the motion to retax costs will accordingly be sustained to the extent of allowing as the costs of the notary public only 20 cents per folio for the 2,800 folios of complainant's testimony, that is, the sum of $560.00, instead of $700.00, as taxed by the clerk; but otherwise it will be overruled.

An order will be entered retaxing the costs in accordance with this opinion.