---

## THE MARY.

### (District Court, W. D. Washington, N. D.   March 6, 1916.)

### No. 3133.

1. ADMIRALTY ⫷124—PROCEEDINGS—PROCTOR'S FEES.
   Under Rev. St. § 824 (Comp. St. 1913, § 1378), providing that for each deposition taken and admitted in evidence in a cause a fee of $2.50 shall be allowed the libelant's proctor, the libelant's proctor is not entitled to fees for the deposition of a witness whose testimony was immaterial.
   [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 836–857; Dec. Dig. ⫷124.]

2. ADMIRALTY ⫷124—PROCEEDINGS—WITNESS FEES—"COURT."
   Rev. St. § 848 (Comp. St. 1913, § 1452), provides that witnesses, for each day's attendance in court or before any officer pursuant to law, shall receive $1.50. Act May 27, 1908, c. 200, 35 Stat. 377 (Comp. St. 1913, § 1453), declares that witnesses and jurors in the United States courts of Washington shall be entitled to receive, for actual attendance in any court or courts and for the time necessarily occupied in going to and returning, $3 per day. Held that, as at common law costs could not be taxed, statutes providing for taxation of costs should be strictly construed, and therefore, as a court is a place where justice is judicially administered, and includes the judge, jury, and necessary officers, a commissioner before whom testimony was taken is not a "court," and a libelant, whose witnesses were examined before a commissioner, is not

entitled to have his witness fees taxed under Act May 27, 1908, but the fees will be taxed under the old act at $1.50 per day.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 836–857; Dec. Dig. ☞124.

For other definitions, see Words and Phrases, First and Second Series, Court.]

3. STATUTES ☞219—CONSTRUCTION.

The construction of a statute given by the heads of the various departments of the government should be considered by the courts.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 296, 297; Dec. Dig. ☞219.]

In Admiralty. Libel by J. F. McCullough and others against the schooner Mary. On motion to retax costs. Granted in part.

James Kiefer, of Seattle, Wash., for libelants.

Daniel Landon, of Seattle, Wash., for claimant.

NETERER, District Judge. This is a motion to disallow proctor's fees on taking testimony before a court commissioner of 10 witnesses for libelants and cross-examining three witnesses for claimant, at $2.50 each, a total of $32.50, and also to disallow the per diem of witness Christensen, on the ground that his testimony is immaterial, and to reduce the per diem of witnesses examined before the commissioner to $1.50. This cause was referred to the commissioner to take testimony and report findings and conclusions, on motion of libelant, and thereafter came before the court on exceptions to the report, which, after hearing, were denied.

[1] Libelant claims that under section 824, Rev. Stat. U. S. (Comp. St. 1913, § 1378), he is entitled to $2.50 for proctor's fees for each witness produced and examined by him and for each witness produced by the claimant and cross-examined. The section provides that a charge of $2.50 may be made "for each deposition taken and admitted in evidence in a cause. There is not a uniformity of opinion in the courts as to whether an examination before a commissioner shall be treated as a deposition under this act. In re Strauss v. Meyer (C. C.) 22 Fed. 467; The Sallie P. Linderman (D. C.) 22 Fed. 557; Tuck v. Olds (C. C.) 29 Fed. 883; Ingham v. Pierce (C. C.) 37 Fed. 647; Ferguson v. Dent (C. C.) 46 Fed. 88; Kaempfer v. Taylor (C. C.) 78 Fed. 795; Barnardin v. Northall (C. C.) 83 Fed. 241; St. Matthew's Sav. Bank v. Fidelity & Casualty Co. (C. C.) 105 Fed. 161; Kissinger-Ison Co. v. Bradford Belting Co., 123 Fed. 91, 59 C. C. A. 221; Matheson v. Hanna-Schoelkopf Co. (C. C.) 128 Fed. 163; The Oregon, 133 Fed. 609, 68 C. C. A. 603. The Supreme Court, in Missouri v. Illinois, 202 U. S. 598, 26 Sup. Ct. 713, 50 L. Ed. 1160, it seems to me, has disposed of this matter, and upon the authority of that case the tax of $2.50 will be allowed as to all the witnesses except Christensen, as to whom it is disallowed, his testimony being immaterial, while it was stated at the bar that libelant called him in good faith, but had not ascertained that he had little or no knowledge. Parties may not speculate as to the knowledge of witnesses at the expense of the other party, and when they subpœna them they must do so at their peril.

[2] The contention of the claimant as to witness fees, I think, must be sustained. At common law costs could not be taxed. They are creatures of statute, and recovery must therefore be predicated upon the statute, the provisions of which, being in derogation of the common law, must be strictly construed. Section 848 of the Revised Statutes (Comp. St. 1913, § 1452) provides that a witness "for each day's attendance in court or before any officer pursuant to law shall receive $1.50. * * *" In the act approved May 27, 1908, making appropriations for sundry civil expenses (35 Stat. 377), it was enacted that:

"Jurors and witnesses in the United States courts in the states of * * * Washington * * * shall be entitled to receive for actual attendance at any court or courts and for the time necessarily occupied in going to and returning from the same, $3.00 a day. * * *"

The claim is made by the libelant that the witness fees may be charged pursuant to this enactment rather than under section 848, supra. Congress in the last enactment, supra, distinguished between attendance at court and *before other officers pursuant to law*. Blackstone, following Coke, says:

"A court is a place where justice is judicially administered." 3 Comm. 24.

This definition requires, however, to have added the presence of necessary officers—the judge or judges:

"The only common and essential feature of all courts is the judge or judges. So essential, indeed, that they are often called the court." Bouvier.

An English writer (2 Bromm & H. Comm. 21) says:

"In these courts the sovereign is supposed in contemplation of law to be always present, or at least is there represented by the judges whose power is but an emanation of the prerogative."

The court, in Mich. Central, etc., Ry. Co. v. Northern, etc., Ry. Co., 3 Ind. 239, holds that the terms "court" and "judge" are usually synonymous. Webster says:

"An official assemblage legally met together for the transaction of judicial business; a judge or judges sitting for the hearing or trial of causes." "A court is a place where justice is judicially administered; the presence of a sufficient number of members of a body in the government, to which the public administration of justice is delegated, regularly convened in an authorized place."

"In a broad sense the term may include a judge and a jury as well as a judge and a clerk." 11 Cyc. 652, 653.

"Any court which administers justice according to the principles and forms of the common law." Anderson, Law Dictionary.

A commissioner is not a court. Nixon v. U. S. (D. C.) 82 Fed. 23; In re Perkins (D. C.) 100 Fed. 950.

Congress has provided District Courts, Circuit Courts, Supreme Court, Court of Claims, Supreme Court of District of Columbia, territorial courts, Court of Custom Appeals, etc. We have no commissioner's court. District judges are empowered to appoint court commissioners (Act May 28, 1896, c. 252, § 19, 29 Stat. 184); but the powers given do not bring the commissioner's hearing within the legal contemplation of a court. Congress distinguished between *courts* and *officers*. Courts have judicial power vested in them; while of-

ficers have not. A commissioner is at all times subject to the control of the court when acting as an examining magistrate, and the court can assume control of the proceeding whenever justice may require that it should be done. U. S. v. Berry (D. C.) 4 Fed. 779. And in this civil action the reference could have been recalled at any time, and it cannot be said that the taking of testimony before the commissioner is a hearing in court. Todd v. U. S., 158 U. S. 278, 283, 15 Sup. Ct. 889, 890 (39 L. Ed. 982), where Justice Brewer said:

"It cannot be pretended that one of those state officers while conducting a preliminary investigation is holding a court of the United States. * * * The distinction is recognized by the statutes, section 1014, by which sundry judicial officers of the United States *. * * are authorized to conduct an examination and imprison or bail the defendant, 'for trial before such court of the United States as by law has cognizance of the offense'; also section 911, which provides that 'all writs and processes issuing from the courts of the United States shall be under the seal of the court from which they issue, and shall be signed by the clerk thereof.' But a commissioner, like a justice of the peace, is not obliged to have a seal, and his warrants may be under his hand alone. Starr v. United States, 153 U. S. 614 [14 Sup. Ct. 919, 38 L. Ed. 841]. * * * And a witness is entitled to fees 'for each day's attendance in court or before any officer pursuant to law.' Section 848. While a preliminary examination may be in the strictest sense of the term a judicial proceeding, yet the language of the statute is not broad enough to include every judicial proceeding held under the laws of the United States. * * * Doubtless it was within the power of Congress to legislate in this direction fully for the protection of every witness called upon by the laws of the United States to give testimony in any place and under any circumstances. Logan v. United States, 144 U. S. 263 [12 Sup. Ct. 617, 36 L. Ed. 429]. But it has not as yet seen fit to do so, and has only provided for his protection when called as a witness in a court of the United States."

This view of the official character of a commissioner is recognized in Ocampo v. U. S., 234 U. S. 100, 34 Sup. Ct. 712, 58 L. Ed. 1231. Congress must, from the language employed in the act, passed long after the decision in Todd v. U. S., supra, have intended witnesses appearing before a court—a court of record—to be distinguished from those attending before other officers.

[3] The Comptroller of the Treasury (1 Comp. Dec. 43) and the Department of Justice (Attorney General's Instructions to United States Marshals, April, 1904, page 122, Instruction No. 774) have each construed the enactment of 1908, supra, as having no application to witnesses appearing before commissioners, and consideration should be given to the construction of statutes by the heads of departments. This being a special officer designated by the court to take certain testimony and report findings and conclusions, libelant cannot, under the provisions of statute, recover more than $1.50 per diem for each witness.

An order may be presented.