## MISSOURI *v.* ILLINOIS AND THE SANITARY DISTRICT OF CHICAGO.

No. 4, Original. Submitted May 14, 1906.—Decided May 28, 1906.

This court has power to allow costs in original actions and in any action between States, the successful State may ask for costs or not as it sees fit, and there is no absolute rule that in boundary cases the costs are divided. Costs, therefore, are allowed to the defendant in this suit in which the plaintiff alleged serious pecuniary damage, and framed its bill like the ordinary bill of a private person to restrain a nuisance.

The solicitor's fee of $2.50 for each witness examined before the examiner and admitted in evidence was properly allowed as fees for depositions under § 824, Rev. Stat.

THE question involved in the motion is stated in the opinion.

*Mr. Erasmus C. Lindley* for defendant, Sanitary District of Chicago.

*Mr. Herbert S. Hadley,* Attorney General of the State of Missouri, *Mr. Charles W. Bates* and *Mr. Sam B. Jefferies* for complainant.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a motion for the allowance and taxation of costs in the case reported in 200 U. S. 496. The costs asked are as follows:

$5,650     paid to the special commissioner.

$3,776.37 for taking down and transcribing the testimony of defendant's witnesses, etc.

$720    Solicitors' fees, viz., $20 for attendance at final hearing and $2.50 for each deposition taken and admitted in evidence, in accordance with Rev. Stat. § 824.

$10,146.37, total.  The plaintiff objected to the allowance and the Clerk referred the matter to this court.

The only question of detail concerns the last item. The main objection is to the allowance of any costs at all. The power of the court to allow costs is not disputed. *Pennsylvania* v. *Wheeling & Belmont Bridge Co.*, 18 How. 460. The former decree in this case allowed them, and in the stipulation for the appointment of a special commissioner the parties agreed that the costs should be "taxed by the court on the final disposal of the case, to be paid in such manner as the court may at that time determine." But it is said that it is inconsistent with the dignity of a sovereign State to ask for costs; that in boundary cases costs have been divided, and that the suit was not for a pecuniary interest, but only the performance of the duty of a sovereign to its citizens, for which no costs should be imposed.

So far as the dignity of the State is concerned, that is its own affair. The United States has not been above taking costs. *United States* v. *Sanborn*, 135 U. S. 271. As to the supposed rule in boundary cases, it is not absolute. But in many cases of that kind both parties are equally interested to have the boundary settled, and whichever State begins the suit both equally are actors. Thus counter-relief was asked by the defendants in *Nebraska* v. *Iowa*, 143 U. S. 359 and *Missouri* v. *Iowa*, 160 U. S. 688. As to the nature of this suit, the plaintiff alleged serious pecuniary damage to itself by the deposit of great quantities of filth upon the portion of the bed of the Mississippi alleged to belong to it, and, in short, framed its bill like any ordinary bill by a private person to restrain a nuisance. The chief difference was in the size of the nuisance alleged. There is no indication that the defendants desired or needed the determination of this court, as States well might when

their jurisdiction was in doubt. So far as this point is concerned, there is no reason why the plaintiff should not suffer the usual consequence of failure to establish its case.

The only item specially discussed is the charge of $2.50 for each witness examined before the examiner, on the footing of "depositions" mentioned in Rev. Stat. § 824. There seems to have been some difference of opinion in the lower courts as to whether testimony given before an examiner could be treated as a deposition. See *Strauss* v. *Meyer*, 22 Fed. Rep. 467; 1 Foster's Fed. Prac., 3d ed., 727, § 330. In favor of so treating it are *Ferguson* v. *Dent*, 46 Fed. Rep. 88; *Hake* v. *Brown*, 44 Fed. Rep. 734; *Ingham* v. *Pierce*, 37 Fed. Rep. 647; *The Sallie P. Linderman*, 22 Fed. Rep. 557; *Stimpson* v. *Brooks*, 3 Blatchf. 456. See also *St. Matthew's Sav. Bank* v. *Fidelity Casualty Co.*, 105 Fed. Rep. 161–163. The words of the statute are broad enough to embrace the testimony, unless they are taken very strictly, and the trouble to the parties in having to visit different places was similar to that caused by the taking of depositions adverted to by Judge Treat in *Strauss* v. *Meyer*. The case is quite distinct from that of testimony taken in court and reduced to writing by a reporter. We are of opinion that the item may be allowed.

*Motion for costs allowed.*