## SOLOMON v. WELCH.
### No. 5155–H.

District Court, S. D. California, Central Division.

June 24, 1939.

Claud I. Parker, of Los Angeles, Cal., for plaintiff.

Ben Harrison, U. S. Atty., and Armond M. Jewell, both of Los Angeles, Cal., for U. S.

HOLLZER, District Judge.

This matter involves two motions, one by the plaintiff and the other by the defendant, each for the purpose of re-taxing different items of the costs claimed by the defendant, after the Circuit Court of Appeals (9 Cir., 99 F.2d 41) had reversed the judgment originally entered by this court in favor of plaintiff and after judgment had been entered, upon the entry of the mandate of the upper court, that defendant have judgment against plaintiff for dismissal of the action and costs.

Upon motion of plaintiff the clerk re-taxed the costs by striking therefrom two items, to-wit, printing transcript of record, $115.29, and transcript of testimony, $42.75; but the clerk refused to disallow two other items, to-wit, transcript, $18.20, and other fees $15. The defendant now seeks a review of the first of these two rulings, while the plaintiff seeks a reversal of the latter ruling.

The mandate having been filed and the judgment pursuant thereto having been entered after the effective date of the new Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the latter, so far as they deal with this subject, are controlling.

Likewise it should be noted that whereas the new rule, 54(d), forbids the award of costs against an officer of the United States except to the extent permitted by law, the cases decided prior to the adoption of the new rules clearly held that in actions against Collectors of Internal Revenue to recover taxes illegally collected the practice had been to allow costs against such officials.

Finally it must be assumed that those who drafted this new rule 54(d) knew the law which had prevailed prior to the adoption thereof. Had they intended to prohibit the allowance of costs to an officer of the United States, in whose favor a judgment had been rendered, they could easily have so declared. Instead, such new rule expressly states: "Except when express provision therefor is made either in a statute of the United States or in these rules, *costs shall be allowed as of course to the prevailing party* unless the court otherwise directs. * * *" (Italics added.)

It is conceded that there is no express provision either in a statute of the United States or in these new rules which excepts the present case from the general rule that "costs shall be allowed as of course to the prevailing party." Likewise in the action at bar the court has not otherwise directed. On the contrary, the judgment entered herein expressly awards costs to the defendant.

Hence we conclude that the defendant is entitled to recover all such costs as would be awarded to any other prevailing party.