**Woodrow W. REYNOLDS, on behalf of himself and all other taxpayers similarly situated, Plaintiff,**

v.

**Hugh WADE et al., Defendants.**

**No. 7397–A.**

District Court of Alaska
First Division, Juneau.

April 23, 1956.

714

Henry C. Clausen, San Francisco, Cal., and Howard D. Stabler, Juneau, Alaska, for plaintiff.

J. Gerald Williams, Atty. Gen., Edward A. Merdes and Henry J. Camarot, Asst. Attys. Gen., for defendants.

HODGE, District Judge.

Under date of March 22, 1956, this Court rendered an opinion in the above entitled cause, D.C., 139 F.Supp. 171, ordering that the motion of the defendants for dismissal be granted. The parties have each submitted form of judgment, one of which provides for the recovery of attorney fees in favor of the defendants and the other of which does not. The Court of its own motion requested that briefs be submitted upon the question of whether or not attorney fees are properly allowable as costs to the prevailing parties where such parties are officers of the Territory, and represented by the Attorney General, a salaried officer of said Territory.

Rule 54(d), Fed.Rules Civ.Proc., 28 U.S.C.A., provides that

"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs".

It is held that under this Rule the recoverable costs are limited to ordinary taxable costs, and do not include the allowance of attorney fees, although resort may be had to express statutory authority under state laws. Cohen v. Beneficial Industrial Loan Co., D.C., 7 F.R.D. 352, 356; Gold Dust Corporation v. Hoffenberg, 2 Cir., 87 F.2d 451; Kramer v. Jarvis, D.C., 86 F.Supp. 743.

It is universally held that attorney fees in actions generally are not recoverable as costs except when specifically allowed by statute. Resort must then be had to the language of the Alaska statute, Section 55–11–51, A.C.L.A.1949, as follows:

"The measure and mode of compensation of attorneys shall be left to the agreement, expressed or implied, of the parties; but there may be allowed to the prevailing party in the judgment certain sums *by way of indemnity* for his attorney fees in maintaining the action or defense thereto, which allowances are termed costs." (Italics added.)

The allowance of such fees is in the discretion of the Court and, as Judge Dimond has indicated, the allowance of attorney fees to the prevailing party under this statute is customarily made in the courts of Alaska. Columbia Lumber Co., Inc., v. Agostino, 9 Cir., 184 F.2d 731, 736; United States for Use and Benefit of Brady's Floor Covering, Inc., v. Breeden, D.C., 110 F.Supp. 713, 14 Alaska 214. The precise question here is whether under our statute there is anything to indemnify. The Attorney General contends that the Territory should be allowed indemnity for the public expense in defending such an action. Counsel for the plaintiff asks

"Who is the party to be indemnified? Certainly not the Territory of Alaska which is not a party; certainly not the defendants who have not incurred any expense in the action; and certainly not the salaried Attorney General."

No express decision upon this interesting point is cited in the briefs, nor am I able to find such upon exhaustive research. The Attorney General argues that the right of the Territory to collect such attorney fees if granted by the Court, notwithstanding counsel for the Territory are salaried officers, appears heretofore to have been presumed or conceded in most instances, citing decisions from the First Division in which such fees have been allowed as costs, but not indicating whether this question was raised in such cases. Hence these decisions are not controlling and it appears that the dearth of decisions upon the question is largely attributable to the fact that statutes of this character are rare.

That a state is authorized to collect attorney fees as costs is held in the State of Missouri v. State of Illinois, 202 U.S. 598, at page 600, 26 S.Ct. 713, at page 714, 50 L.Ed. 1160, in which the Supreme Court stated that

"there is no reason why the plaintiff should not suffer the usual consequence of failure to establish its case."

In the case of Solomon v. Welch, D.C.Cal., 28 F.Supp. 823, 824, it is held that a defendant officer of the United States is entitled to recover

"all such costs as would be awarded to any other prevailing party",

although there is no reference in such decision to allowance of attorney fees. An attorney's docket fee under the provisions of Title 28 U.S.C.A. § 1923 has been allowed in the Federal courts to be taxed as costs in favor of the United States, in the discretion of the Court, in United States v. Bowden, 10 Cir., 182 F.2d 251, and United States v. Murphy, D.C.Ala., 59 F.2d 734.

The right of the United States to recover costs is considered and allowed

in a number of decisions. See Moore's Federal Practice, Vol. 6, pp. 1339, 1340; Barron and Holtzoff, Fed.Prac. & Proc., Vol. 3, p. 29. Attorney fees, if allowed under our statute, are of course deemed a part of such taxable costs. Pilgrim v. Grant, 9 Alaska 417; Forno v. Coyle, 9 Cir., 75 F.2d 692.

 Upon the authority of these decisions, and in the absence of any statute or decision to the contrary, it must be concluded that the Territory, like the United States, is entitled to the same consideration with respect to allowance of attorney fees as costs as any other litigant. No distinction appears where the action is prosecuted or defended by Territorial officers in their official capacities. Solomon v. Welch, supra. In this connection the true test appears to be the nature of the suit or the relief demanded, which in this instance is actually against the Territory, represented by its officers. 86 C.J.S., Territories, § 38, p. 646. There is no question but that under the provisions of Section 9–1–8, A.C.L.A.1949, the Attorney General is empowered, and it is his duty, to represent public officers in such action. Reiter v. Wallgren, 28 Wash.2d 872, 184 P.2d 571; State ex rel. Dunbar v. State Board, 140 Wash. 433, 249 P. 996, 999. Hence, in answer to plaintiff's specific question, it is the Territory of Alaska which may be indemnified, and not the defendants individually or the Attorney General. Such attorney fees may therefore be allowed in the discretion of the Court.

 Touching upon the matter of discretion, plaintiff contends that it is the paramount duty of the Attorney General, for the protection of the interests of the people of the State, where he is cognizant of violations of the Constitution or the statutes by a Territorial officer, to obstruct and not to assist such officer in carrying out any illegal acts, and hence that the Attorney General should have instituted this action in the first instance, to test the validity of the statute in question, citing Section 9–1–8, A.C.L.A.1949, and Reiter v. Wallgren and State ex rel. Dunbar v. State Board, supra.

The statute referred to provides

"Whenever the constitutionality or validity of any statute is seriously in doubt, and the enforcement of such statute affects the Territory or a considerable portion of its people or important industries therein, suits or actions may by the Attorney General be instituted in the name of the Territory in any court to determine the constitutionality or validity of such law."

This statute clearly leaves the matter of instituting suits and actions whenever the constitutionality or validity of any statute is seriously in doubt to the discretion of the Attorney General. It is not the province of the courts to interfere with discretion thus vested in the Executive Branch of the Government, unless such action is shown to be arbitrary or capricious. No demand appears to have been made upon the Attorney General to prosecute such action, which otherwise might change the picture. Instead, the office of the Attorney General was called upon to defend the action in the public interest, for which reason the usual or customary practice should prevail.

 The amount of fee to be allowed depends upon the nature and extent of the services rendered. This case did not go to trial but was disposed of upon motion to dismiss upon Rule 12(b), F.R.C.P., but did require considerable time and labor on the part of the Assistants Attorney General in briefing the question for determination by the Court. Under these circumstances I feel that a fee of $250 is reasonable to be allowed to the defendants in this action.

Judgment submitted by the Attorney General is entered accordingly.