Ivy L. VARNELL, Appellant,

v.

Homer W. SWIRES, d.b.a. H. W. Swires Construction, and Employers' Mutual Casualty Company, a corporation, Appellees.

No. 15764.

United States Court of Appeals Ninth Circuit.

Dec. 4, 1958.

Edgar Paul Boyko, San Francisco, Cal., for appellant.

Davis, Hughes & Thorsness, Anchorage, Alaska, Meindl, Mize & Kriesien, Portland, Or., for appellees.

Before HEALY, FEE and HAMLIN, Circuit Judges.

HAMLIN, Circuit Judge.

Appellant (plaintiff below) appeals from a judgment of the District Court of the Territory of Alaska, Third Judicial Division, dismissing, with prejudice, his amended complaint. The complaint prayed for a writ of attachment as security for the payment of compensation alleged to be due, and for judgment against the defendants in the sum of $4,000.00. The allegations of the complaint may be summarized as follows.

It is alleged that while plaintiff was employed by defendant Swires as a carpenter on July 30, 1956, he received an injury arising out of and in the course of his employment; that he has been totally disabled thereby; and that pursuant to the provisions of the Workmen's Compensation Act of Alaska, he has become entitled to receive compensation for temporary disability to be paid periodically and promptly in like manner as wages.

The complaint further alleges that the co-defendant, Employers' Mutual Casualty Company, is a foreign corporation doing business in the Territory of Alaska as an insurance company and that said company is the insurer of defendant Swires pursuant to the provisions of the Alaska Workmen's Compensation Act, and that therefore defendants are jointly liable for all claims for compensation and other charges pursuant to the provisions of said Act.

The complaint further alleges that the Alaska Industrial Board, under the pro-

visions of the Workmen's Compensation Act, made an award in which it found that the appellant had suffered an industrial accident compensable under the provisions of said Act and was entitled to compensation for temporary total disability in the sum of $1,300.00 for the period from July 31, 1956 to October 31, 1956; and that the Board continued the application of the parties for the determination of further disability compensation, with further testimony and hearings to be heard at Anchorage. The defendants, it is alleged, have, with the exception of said $1,300.00, refused to pay further temporary compensation to the plaintiff.

The prayer of the complaint then is for the issuance of a writ of attachment upon the property of the defendants as security for the payment of compensation to him and for judgment against the defendants for temporary compensation in the sum of $4,000.00 with interest from the date of the accident at eight per cent per annum.

The defendant Swires and his insurance carrier, Employers' Mutual Casualty Company, moved to dismiss the amended complaint, with prejudice, upon the ground that the Alaska Workmen's Compensation Act provided an exclusive remedy for an injured employee; that the Alaska Industrial Board under said Act had the original jurisdiction of plaintiff's claim; and that the District Court lacked jurisdiction.

It appears that appellant originally filed his action in the District Court on November 20, 1956. The defendants made a motion to dismiss, which was granted. The appellant, however, was permitted to amend, and filed his amended complaint upon March 14, 1957. A second motion to dismiss (with prejudice) was filed by the defendants, and it is from the order granting this motion to dismiss the amended complaint with prejudice that this appeal is taken.

The Workmen's Compensation Act of Alaska, A.C.L.A.1949, as amended, Sections 43-3-1 to 43-3-39, is a comprehensive law providing for the payment of compensation to all injured employees. Pertinent provisions of the Act are set out in the margin.[1]

It provides for the appointment of the Alaska Industrial Board to carry out the

---

1. "§ 43-3-1. Any person * * * employing one or more employees * * * shall be liable to pay compensation in accordance with the schedule herein adopted to each of his * * * employees who receives a personal injury arising out of and in the course of his * * * employment * * *."

"§ 43-3-2. The employer shall promptly provide for an injured employee such medical, surgical, chiropractice, osteopathic or other attendance * * * as the nature of the injury or the process of recovery may require, not exceeding four years from and after the date of injury to any such employee."

"§ 43-3-4. * * * the Industrial Board is hereby given and granted continuing jurisdiction of every claim, and said Board may * * * review any agreement, award, decision or order, and on such review, may make an order * * * ending, diminishing or increasing the compensation previously awarded, * * *"

"§ 43-3-15. If the employer and the injured employee * * * disagree in regard to the compensation payable under this Act * * * or if a dispute arises for any other reason, either party may then make application to the Industrial Board for the determination of the matters in dispute * * *.

"All disputes arising under the Act * * * shall be determined by the Board; * * *"

"§ 43-3-17. Any party in interest may file in the District Court * * * a certified copy of the * * * agreement * * * or of an order or decision of the Board * * * whereupon said court shall render judgment in accordance therewith and notify the parties."

"§ 43-3-25. No court of this Territory, except the United States District Court on review, or the United States Circuit Court of Appeals on appeal, shall have jurisdiction to review, vacate, set aside, reverse, correct, amend or annul any order or award of the Industrial Board or to suspend or delay the execution or operation thereof, or to enjoin, restrain or interfere with the Industrial Board in the performance of its duties."

provisions of the Act, and sets out the procedure to be followed by employer and employee where employees have suffered injuries in the course of their employment.

It provides that every employer shall insure and keep insured his liability thereunder in some insurance company duly authorized to transact the business of workmen's compensation insurance (§ 43-3-18).[2]

It provides (§ 43-3-10)[3] that the right to compensation for an injury and the remedy therefor granted by the Act shall be in lieu of all rights and remedies as to such injury "now existing either at common law or otherwise" and that no rights or remedies except those provided for in the Act shall accrue to employees entitled to compensation under the Act while it is in effect. There is a proviso, however, in this section that if an employer fails to secure the payment of compensation as required by the Act by insuring with an authorized insurance carrier, then any injured employee may, "at his * * * option, elect to claim compensation under this Act or to maintain an action for damages on account of such injury * * *;" and, that in such an action the employer shall not have the benefit of such defenses as contributory negligence, assumption of risk, or that the accident was caused by a fellow servant.

Section 43-3-22[4] of the Act provides that an award by the Board shall be conclusive as to all questions of fact, but that either party within 30 days of such award, if the award is not in accordance with law, may bring proceedings against the Industrial Board to suspend or set aside in whole or in part such order or award. Such proceeding shall be instituted in the United States District Court for the district in which the injury occurred.

The Act provides in § 43-3-3[5] that "all compensation allowed hereunder for

2. "§ 43-3-18. Every employer under this Act, * * * shall either insure and keep insured his liability hereunder in some insurance company or association, * * * or shall furnish to the Industrial Board satisfactory proof of his financial ability to pay direct the compensation provided for in this Act."

3. "§ 43-3-10. The right to compensation for an injury and the remedy therefor granted by this Act shall be in lieu of all rights and remedies as to such injury now existing either at common law or otherwise, and no rights or remedies, except those provided for by this Act, shall accrue to employees entitled to compensation under this Act while it is in effect; * * * provided, however, that if an employer fails to secure the payment of compensation as required by this Act, by insuring with an authorized insurance carrier or by meeting the requirements for self-insurance, then any injured employee, * * * may, at his * * * option, elect to claim compensation under this Act or to maintain an action in the courts for damages on account of such injury. * * *"

4. "§ 43-3-22. An award by the * * * Board shall be conclusive and binding * * *; but either party to the dispute, within thirty days * * * if the award

is not in accordance with law, may bring * * * proceedings * * * against the Industrial Board, to suspend or set aside in whole or in part such order or award. Such proceedings shall be instituted in the United States District Court * * *."

5. "§ 43-3-3. All compensation allowed hereunder for temporary disability shall be paid periodically and promptly in like manner as wages, and as it accrues, and directly to the person entitled thereto, without waiting for an award by the Industrial Board, and shall bear interest from and after the period of thirty days after the date of the injury by which the claim for compensation arose at the rate of eight per centum (8%) per annum until paid. If the employer or insurance carrier shall fail to pay any installment of compensation within twenty days after the same becomes due, there shall be paid by the employer, or his insurance carrier, an additional sum * *, unless such delay or default is excused by the Industrial Board * * *.

"In all other cases compensation shall be paid by-weekly, monthly, or otherwise, as the Industrial Board may determine to be for the best interest of the injured employee * * *. If the employer or insurance carrier shall fail to pay compensation according to the terms of such

temporary disability shall be paid periodically and promptly in like manner as wages," and that interest at eight per cent per annum runs from the due date until paid. It further provides that for a failure to pay any installment of compensation within 20 days after it becomes due there shall be paid by the employer an additional sum of ten per cent of the compensation then due.

§ 43–3–5 [6] provides that the employee shall have a lien for the full amount of his compensation "upon all of the property in connection with the construction, preservation, maintenance or operation of which the work of such injured * * employee was being performed at the time of the injury * * *." This section, after providing further details concerning this lien, concludes in the final paragraph as follows:

"The lien for compensation herein provided may be enforced by a suit in equity as in the case of the enforcement of other liens upon real or personal property, at any time

within ten months after the cause of action shall arise. Nothing in this section contained shall be deemed to prevent an attachment of property as security for the payment of any compensation as in this Act provided."

It is the last sentence of this paragraph upon which appellant relied to bring his action in the District Court.

He contends that this last sentence gives him the right to obtain a writ of attachment in the District Court to secure any payments that may become due to him under the provisions of the Workmen's Compensation Act.

The appellee contends that this sentence refers to the right of action given the employee in § 43–3–10 (see footnote 3) and the right of attachment in such action provided for in § 43–3–26.[7] The latter section, by its terms, is available to the injured employee only in the event the employer has not complied with the provisions of

---

order or award within twenty days thereafter * * *, there shall be paid by the employer, or his insurance carrier, an additional sum * * *."

6. "§ 43–3–5. Every employee * * * entitled to compensation under the provisions of this Act shall have a lien for the full amount of such compensation, * * * upon all of the property in connection with the construction * * * or operation of which the work of such injured * * * employee was being performed at the time of the injury * * * of such employee. * * * Any person claiming a lien under this Act shall, within four months after the date of the injury from which the claim of compensation arises, filed for record * * * a notice of lien * * * stating * * * the name of the person injured * * * out of which injury * * the claim of compensation arises, the name of the employer of such injured * * * at the time of such injury * * a description of the property affected or covered by the lien so claimed, and the name of the owner * * * of such property.

"The lien for compensation herein provided may be enforced by a suit in equity as in the case of the enforcement of oth-

er liens upon real or personal property, at any time within ten months after the cause of action shall arise. Nothing in this section contained shall be deemed to prevent an attachment of property as security for the payment of any compensation as in this Act provided."

7. "§ 43–3–26. A writ of attachment shall be issued * * * in which any action for the recovery of damages under the provisions of Section 10 [* * * herein] is pending * * *. Whenever the plaintiff or anyone in his behalf shall make and file an affidavit showing that he * * * is entitled to recover compensation from the defendant, * * * but that such defendant has failed to comply with the provisions of Sections 18 and 19 of this Act, * * * such affidavit must show all the facts necessary to bring the plaintiff within the provisions hereof, and must further set up all the facts necessary to show that a cause of action exists * * * and for which the attachment is sought under the provisions hereof.

"Upon filing such affidavit in actions pending as aforesaid * * * the plaintiff shall be entitled to have a writ of attachment issued without filing any bond or other security; * * *".

the Act by obtaining insurance with an insurance carrier or has not become a self-insurer under the provisions of the Act.

The District Court in granting appellee's motion to dismiss with prejudice agreed with the contention of appellee. We likewise agree.

■ The whole scheme of the Workmen's Compensation Act of Alaska, and its express langauge (§ 43-3-10, in footnote 3) indicates that the rights of the employees shall be measured and determined within the framework of the Act and that with the exception *only where the employer has failed to secure insurance*—by an insurance carrier or by self-insurance—*the rights of the employee and the employer must be determined by the Alaska Industrial Board.* When, however, there has been a final award of the Board, either party may ask the District Court to suspend or set aside the award in whole or in part. Even in such proceeding the Board's findings as to all questions of fact "shall be conclusive and binding."

The sentence relied upon by appellant appears as the last sentence of a long section giving to the injured employee a lien for the full amount of his compensation upon all the property where the injured employee was performing work at the time of the accident. Appellant contends this saving provision creates an independent right to pursue an action in the District Court.

It is more reasonable to believe it was placed there so there would be no question that the lien provided therein would not be a substitute for the attachment provided for in § 43-3-26 (see footnote 7), but was in addition thereto.

To permit an injured employee to make an application for relief before the Board (and the record shows that both appellant and appellee made such an application), and then, before a final award of the Board, to file suit for moneys he claims are due, and for an attachment to secure such moneys, would be to nullify the entire legislative enactment.

Plaintiff complains in his brief of the delays incident to obtaining relief before the Board. Whether or not this is true, it is a matter for the lawmaking body to consider, but it does not justify a premature application to the District Court.

We hold the Act does not contemplate such a premature application.

■ The District Court, in granting the motion of appellee to dismiss with prejudice, also gave judgment to appellees in the sum of $150.00 as attorney fees. Appellant contends this is error. We cannot agree. It is permissible to award attorney fees under § 55-11-51, A.C.L.A.[8] This has been approved in Libby, McNeill & Libby v. Alaska Industrial Board, 9 Cir., 1951, 191 F.2d 260, certiorari denied 342 U.S. 913, 72 S.Ct. 359, 96 L.Ed. 683, and Reynolds v. Wayde, D.C.1956, 140 F.Supp. 713.

The judgment of the lower court is affirmed.

---

8. "§ 55-11-51. Compensation of attorneys. The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties; but there may be allowed to the prevailing party in the judgment certain sums by way of indemnity for his attorney fees in maintaining the action or defense thereto, which allowances are termed costs. (C.L.A.1913, § 1341; C.L.A.1933, § 4061.)"