**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4304**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL T. MCGEE,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:13-cr-00023-FPS-JES-1)

Submitted: December 31, 2014     Decided: February 10, 2015

Before WILKINSON, GREGORY, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Elgine McArdle, MCARDLE LAW OFFICES, Wheeling, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Robert H. McWilliams, Jr., Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael McGee was convicted, following a jury trial, of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 (2012) ("Count One"), and was acquitted of possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) ("Count Two"). The district court sentenced McGee to 262 months' imprisonment. McGee timely appeals his conviction and sentence, arguing that (1) the district court erred in admitting evidence pursuant to Federal Rule of Evidence 404(b); (2) there was insufficient evidence to convict him on Count One; (3) the district court violated McGee's constitutional right to be present during discussion and formulation of a response to a jury question during deliberations; (4) the district court erred in designating McGee a career offender; and (5) the district court erred in applying a two-level enhancement for obstruction of justice. Finding no reversible error, we affirm.

I.

We review a district court's evidentiary rulings for abuse of discretion. United States v. Taylor, 754 F.3d 217, 226 n.* (4th Cir.), petition for cert. filed, ___ S. Ct. ___ (Sept. 4, 2014) (No. 14-6166). An abuse of discretion occurs only when the district court "acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724,

732 (4th Cir. 2006) (citation and internal quotation marks omitted).

Rule 404(b) prohibits the admission of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accord with the character." Fed. R. Evid. 404(b). Such evidence is "admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. To be admissible, the evidence must be "(1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable." United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). Additionally, the prejudicial effect of the evidence must not substantially outweigh its probative value. Id.

Evidence of other bad acts also "may be introduced if it concerns acts intrinsic to the alleged crime because evidence of such acts does not fall under Rule 404(b)'s limitations." United States v. Otuya, 720 F.3d 183, 188 (4th Cir. 2013) (internal quotation marks and brackets omitted), cert. denied, 134 S. Ct. 1279 (2014). Evidence is intrinsic "if it arose out of the same . . . series of transactions as the charged offense, . . . or if it is necessary to complete the story of the crime (on) trial." United States v. Kennedy, 32 F.3d 876, 885 (4th

3

Cir. 1994) (internal quotation marks omitted).  Evidence is also intrinsic "if it is necessary to provide context relevant to the criminal charges."  United States v. Basham, 561 F.3d 302, 326 (4th Cir. 2009) (internal quotation marks omitted).

McGee argues that the district court erred in admitting evidence of five controlled buys in November 2012 involving a Government informant.  He contends that this evidence served no purpose other than to "pollute the waters" of McGee's conspiracy charge because the buys were too remote in time or geography to be relevant.  McGee also argues that the district court abused its discretion in admitting evidence of uncharged drug distribution.  We disagree.  Here, the Government introduced the controlled buys as evidence of the conspiracy. The court also properly admitted the contested evidence under Kennedy because it arose out of the same series of transactions and was necessary to complete the story of the crimes on trial.

II.

McGee next asserts that the evidence presented at trial was insufficient to sustain his conviction on Count One. "A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden."  United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted).  The jury verdict must be sustained when "there is substantial evidence in the record, when viewed in the light

4

most favorable to the government, to support the conviction." United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011) (internal quotation marks omitted). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). We do not weigh the credibility of the evidence or resolve any conflicts in the evidence. Beidler, 110 F.3d at 1067. "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks omitted).

To convict McGee of Count One, the Government was required to prove beyond a reasonable doubt the following elements: (1) an agreement between McGee and one or more people to engage in conduct that violates federal drug law; (2) McGee's knowledge of the conspiracy; and (3) McGee's knowing and voluntary participation in the conspiracy. See United States v. Howard, No. 13-4296, __ F.3d __, 2014 WL 6807270, at *4 (4th Cir. Dec. 4, 2014). This may be done by either direct or circumstantial evidence. United States v. Hickman, 626 F.3d 756, 763 (4th Cir. 2010).

We conclude that that there was sufficient evidence for a reasonable jury to find beyond a reasonable doubt that a conspiracy existed. The evidence at trial established the

5

existence of a drug distribution system involving McGee as cocaine supplier. Although McGee did not know everyone involved, the Government did not have to prove that McGee "knew all of his co-conspirators or all of the details of the conspiracy." United States v. Burgos, 94 F.3d 849, 861 (4th Cir. 1996) (en banc). Instead, McGee knew that his buyer acted as a middleman for a third person; this proved a conspiracy.

Moreover, through its informant, the Government showed that McGee was involved in a conspiracy in November 2012. Testimony from the informant revealed that McGee had controlled substances readily available and worked with a supplier to ensure quick sales. This correlated with other testimony that McGee completed cocaine sales within twenty-four hours of a buy request. Therefore, a jury could infer that, as early as November 2012, McGee had a steady supplier who knew that he was redistributing the cocaine to others.

The Government also introduced evidence of overt acts within the Northern District of West Virginia. Co-conspirators testified that they met in West Virginia prior to driving to McGee in Ohio for the actual buy. Thus, even if McGee never sold drugs in West Virginia, his co-conspirators met there, which established an overt act in West Virginia in furtherance of the conspiracy.

To the extent that McGee argues that his acquittal on Count Two undermines his conviction on Count One, he is incorrect. "[I]t is well-settled that a defendant cannot challenge his conviction merely because it is inconsistent with a jury's verdict of acquittal on another count." United States v. Louthian, 756 F.3d 295, 305 (4th Cir.), cert denied, 135 S. Ct. 421 (2014). Moreover, the Government is not required "either to allege or prove an overt act in a conspiracy charged under 21 U.S.C. § 846." United States v. Clark, 928 F.2d 639, 641 (4th Cir. 1991). Thus, McGee's acquittal of an underlying overt act did not negate the existence of a conspiracy.

## III.

McGee next asserts that the district court violated his right to be present during discussion and formulation of a response to a jury question during deliberations. Federal Rule of Criminal Procedure 43 provides that a defendant has the right to be present at every stage of trial, including when the judge communicates with the jury. When a defendant fails to raise this argument before the district court, we review for plain error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012). To establish plain error, an appellant must show "(1) error, (2) that is plain, and (3) that affects substantial rights." United States v. Thomas, 669 F.3d 421, 424 (4th Cir. 2012) (internal quotation marks omitted).

While the district court should not have begun to discuss and formulate a response to the jury question while McGee was absent, McGee has not shown that his substantial rights were affected. McGee's attorney was present at all times during the court's discussion, and McGee's absence was brief; upon his arrival in the courtroom, the court re-read the question to him, after which the bulk of the discussion and formulation occurred. See United States v. Harris, 814 F.2d 155, 157 (4th Cir. 1987) (per curiam) (finding no prejudice "in light of the fact that defendant's counsel was present and that prompt remedial measures were taken by the district court" once defendant was brought into courtroom).

Moreover, the question itself was one of law, not fact, to which the court gave a direct answer guiding the jury to the instructions and no more. See United States v. Arriagada, 451 F.2d 487, 489 (4th Cir. 1971). Also, McGee's counsel never challenged this issue until the instant appeal. See id. ("Had it appeared to the appellant or his counsel that the action of the District Court involved any prejudice, objection would have been promptly entered by the appellant and not tardily raised after verdict."). Accordingly, we find no reversible error.

IV.

McGee next contends that the district court erred in sentencing him as a career offender based on his convictions for aggravated robbery in 1989, drug trafficking in 2004, and drug trafficking in 2009. When a defendant challenges the district court's calculation of the Sentencing Guidelines, we review the district court's "legal conclusions de novo and its factual findings for clear error." United States v. Medina-Campo, 714 F.3d 232, 234 (4th Cir.), cert. denied, 134 S. Ct. 280 (2013).

The Guidelines provide that a defendant is a career offender if he was at least eighteen years old at the time of the instant offense, the instant offense is a drug felony or crime of violence, and the defendant has at least two prior felony convictions for drug offenses or crimes of violence. U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1(a) (2013). A prior conviction qualifies as a predicate offense only if the sentence of imprisonment exceeded thirteen months and "was imposed within fifteen years of the defendant's commencement of the instant offense . . . [or] resulted in the defendant being incarcerated during any part of such fifteen-year period." USSG §§ 4A1.2(e)(1), 4B1.2 cmt. n.3. We have reviewed McGee's arguments as to each of the three convictions at issue and conclude that the district court properly determined that all of

the convictions were predicate offenses for designating him a career offender.

V.

Finally, McGee challenges the two-level enhancement for obstruction of justice. We find that this issue is moot because the offense level established under the career offender Guideline was greater than the offense level calculated using the Guidelines for drug offenses and any specific offense characteristic or adjustment. Thus, the obstruction enhancement did not affect McGee's sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED