# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-0946** (Hancock County 13-F-60)

**Michael T. McGee,**
**Defendant Below, Petitioner**

**FILED**

**September 19, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Pro se petitioner Michael T. McGee appeals the Circuit Court of Hancock County's July 27, 2015, order denying his "Motion for Reconsideration" of its prior order denying his motion for costs. The State, by counsel David A. Stackpole, filed a response and a supplemental appendix. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in denying his motion for costs arising from this criminal proceeding because he was the prevailing party.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2013, petitioner was indicted on one count of transportation of a controlled substance into the State, one count of possession of cocaine with intent to deliver, and one count of conspiracy to possess cocaine with intent to deliver. However, in August of 2013, the State advised the circuit court that, based on a superseding federal criminal charge that resulted from the same factual circumstances, it wished to dismiss the criminal charges against petitioner so that the federal prosecution could proceed.[1] As such, the circuit court dismissed the indictment with prejudice.

---

[1]Petitioner was eventually convicted of count one of his federal indictment that charged him with conspiracy to possess with the intent to distribute and to distribute cocaine, in violation of 21 United States Code §§ 841(a)(1) and 812(c), and acquitted of count two of the indictment that charged him with possession with intent to distribute in violation of 21 United States Code § 812(c). *See U.S. v. McGee*, No. 5:13CR23-01, 2014 WL 4828195 at 1 (N.D.W.Va. Sept. 29, 2014). His conviction was later upheld on appeal. *See U.S. v. McGee*, 602 F. App'x 90 (4th Cir. 2015).

In his State proceeding, petitioner filed a motion for costs in the circuit court in June of 2015 and sought reimbursement of "out-of-pocket" expenses incurred during the proceedings. Specifically, petitioner argued that he had retained his own private counsel to represent him in the criminal matter and he sought to be reimbursed for that expense. That same month, the circuit court denied petitioner's motion. Petitioner thereafter filed a "Motion For Reconsideration," and the circuit court denied that motion by order entered in July of 2015.[2] It is from this order that petitioner appeals.

We have previously established the following standard of review:

> "In reviewing the findings of fact and conclusions of law of a circuit court . . . , we apply a three-pronged standard of review.  We review the decision . . . under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, in part, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find no error in the circuit court's ruling below.

On appeal to this Court, petitioner argues that the circuit court erred in denying his motion for costs because, due to his subsequent acquittal of one count of the federal indictment arising from the same set of facts that served as the basis for his State indictment, he is a "prevailing party" and, thus, entitled to reimbursement of the money he spent retaining defense counsel. However, it is important to address the fact that petitioner's motion for costs in the circuit court did not contain a single citation to any controlling authority that would entitle him to such reimbursement. Moreover, his later "Motion for Reconsideration" cited only to inapplicable federal law and, again, lacked citation to any State authority that would entitle him to reimbursement. Moreover, the federal authority petitioner did rely on was not directly on point, as several cases concerned issues sounding in equity and issues between two States regarding boundary disputes, among other authorities. *See Pennsylvania v. Wheeling & Belmont Bridge Co*, 59 U.S. 460 (1855); *Missouri v. Illinois*, 202 U.S. 598, 26 S.Ct. 713 (1906). Simply put, petitioner failed to provide the circuit court with any legal basis upon which he would be entitled to reimbursement of his personal attorney's fees. Similarly, petitioner has provided no such authority to this Court on appeal.

Assuming, arguendo, that petitioner had cited relevant authority, the fact remains that his entire argument hinges on his assertion that he was a prevailing party in the circuit court proceeding because of his eventual acquittal of one of two federal charges. Similarly to the federal cases petitioner cites, this Court, in addressing issues of costs associated with civil proceedings, has stated that "West Virginia law provides, by both statute and court rule, that

---

[2]The Court notes that the West Virginia Rules of Criminal Procedure do not provide for a "motion for reconsideration" in criminal proceedings, other than Rule 35 which allows a circuit court to revisit its sentencing order for purposes of either correcting or reducing the sentence imposed.

certain 'costs' may routinely be recovered by a prevailing party." *Carper v. Watson*, 226 W.Va. 50, 56, 697 S.E.2d 86, 92 (2010).[3] According to petitioner, the State indicated that it wished to dismiss the circuit court charges against him so that the federal prosecution on the related charges could proceed. He further argues that count two of his federal indictment, of which he was acquitted, constitutes the totality of his circuit court charges, while count one of the federal indictment, of which he was convicted, constitutes a separate and distinct crime. Petitioner asserts this argument without any evidence in support, and we find the same unpersuasive.

According to the record, petitioner was initially indicted in the circuit court on one count each of the following: transportation of a controlled substance into the State, possession of cocaine with intent to deliver, and conspiracy to possess cocaine with intent to deliver. Tellingly, petitioner was eventually convicted in federal court of one count of conspiracy to possess with the intent to distribute and to distribute cocaine, in violation of 21 United States Code §§ 841(a)(1) and 812(c), which is, essentially, the same crime as the charge of conspiracy to possess cocaine with intent to deliver as charged in circuit court. *U.S. v. McGee*, No. 5:13CR23-01, 2014 WL 4828195 at 1 (N.D.W.Va. Sept. 29, 2014). Accordingly, petitioner cannot establish that he was a prevailing party, as he asserts on appeal. As such, we find no error in the circuit court denying petitioner's motion for costs or his motion to reconsider that denial.

For the foregoing reasons, the circuit court's July 27, 2015, order denying petitioner's "Motion for Reconsideration" of its prior order denying his motion for costs is hereby affirmed.

Affirmed.

**ISSUED**: **September 19, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[3]The Court's citation to this case in a criminal context should not be misconstrued as supportive of the idea that a criminal defendant may recover the costs of defense if he or she is considered a "prevailing party" in such a proceeding. The Court relies on this case only insomuch as we seek to establish, for the sake of argument, that petitioner cannot show that he was the prevailing party in his circuit court criminal proceeding, as his entire argument on appeal is premised on this notion.